## McGIVNEY vs. THE PHŒNIX FIRE INS. COMPANY.

ACTION on a policy of insurance. On the 29th October, 1825, the defendants insured the plaintiff against loss or damage by fire on a two story frame building, privileged as a grocery, and on a stable and shed adjoining, situate in the city of New-York, $2,500, and on his stock of groceries, shop, furniture and fixtures, household furniture, &c. $5000. The plaintiff was at the time, and had been for several years, in possession of the premises. About a year previous to the destruction of the property by fire, which took place in December, 1825, he had bought the lot on which the buildings were erected, and entered into a written contract with the vendor, by which it was agreed that the plaintiff should pay the vendor for the same $5000, in five yearly instalments, with interest; the title not to be conveyed until all the instalments were paid. During the year preceding the fire, he had made extensive repairs on the buildings. At the time of the fire, one year's interest had been paid. After the fire, the plaintiff surrendered his contract to the vendor. The judge at the circuit ruled that the plaintiff had an insurable interest in the premises. The jury found for the plaintiff $5,277 17. A bill of exceptions to the opinion of the

*A purchaser of a house and lot, in possession under a contract, who has made a partial payment and repaired the premises, has an insurable interest.*

UTICA,
Aug. 1828.

M'Givney
v.
Phœnix Fire
Ins. Co.

judge was tendered and signed, and the plaintiff now moved for judgment, on the ground of its frivolousness.

*D. Graham*, for plaintiff. It is not necessary to constitute an insurable interest, that the insured shall have the absolute and unqualified property of the effects insured. (2 *Marsh. on Ins.* 656.) The plaintiff held under a contract *in presenti*. The vendor's right to the consideration money was vested the moment the contract was executed; and the destruction of the buildings would have been no bar to a bill for specific performance, nor to an action to recover the instalments. The plaintiff was liable to a direct and immediate loss by the destruction of the buildings. (*Phil. on Ins.* 27.) In a case of marine insurance, the sale of a vessel was held to vest an insurable interest, although no bill of sale was executed, and it was agreed that the vessel should continue in the names of the vendors until the whole of the purchase money was paid, part of which only was paid at the time of the sale. (*Henry* v. *Clarkson and Van Horne*, 1 *Johns. R.* 385.)

*S. A. Foot*, for defendants, denied the application of the rules regulating insurable interest in marine insurances, to insurances against loss by fire. The ownership of a vessel seldom affects the risque assumed, whilst that of inhabited houses very materially affects such risque. The plaintiff had a mere equitable interest in the premises. He had paid nothing towards the purchase except one year's interest, which probably did not exceed the rent he had before paid; and, for aught that appears, the jury may have allowed him in this verdict, the full value of the buildings. The plaintiff did not disclose his interest at the time of the insurance.

*By the Court*, SAVAGE, Ch. J. The plaintiff is entitled to judgment. Though the fee of the premises was in another, the plaintiff was in possession under a contract of purchase, had made a payment of interest in pursuance thereof, and had made valuable improvements. He, therefore, had an insurable interest in the premises. The omission of disclo-

sure of title is not presented by the bill of exceptions as a point raised at the trial, and cannot now be considered.

UTICA,
Aug. 1828.

Van Nest
v.
Yeomans.

Judgment for plaintiff.