## SEWELL v. UNDERHILL.

(Supreme Court, Appellate Division, Second Department. June 12, 1908.)

1. VENDOR AND PURCHASER—RELATION OF PARTIES TO CONTRACT.

In case of a contract for the purchase and sale of real property, the vendor is deemed in equity to be the trustee for the purchaser of the title, and the purchaser is the trustee of the vendor for the purchase money, and the interest of the purchaser is real estate, and in case of his death descends to his heirs and is devisable as such.

2. SAME—ACTION FOR PURCHASE MONEY—DEFENSE—DESTRUCTION OF BUILDING BY FIRE.

The destruction by fire of a building on premises sold after the making of an absolute contract is no defense to an action for the purchase money, inasmuch as the purchaser, being the owner, has an immediate interest therein.

Appeal from Trial Term, Nassau County.

Action by Robert V. V. Sewell against Adelia S. Underhill. From a judgment for defendant, plaintiff appeals. Affirmed.

Argued before JENKS, HOOKER, GAYNOR, RICH, and MILLER, JJ.

Everett V. Abbot, for appellant.

George B. Stoddart, for respondent.

HOOKER, J.: The question is, upon whom must fall the loss where, intermediate the contract for the purchase and sale of real property and the delivery of the deed, the building upon the premises was destroyed by fire?

The rule as announced in Hathaway v. Payne, 34 N. Y. 92, 103, and many other cases, is that in the case of a contract for the purchase and sale of real property the vendor is deemed in equity to be the trustee for the vendee of the title, and the vendee is the trustee of the vendor for the purchase money, and that the interest of the vendee is real estate, and in the case of his death descends to his heirs and is devisable as real estate. It is clear, therefore, that in such a case the interest of the parties in the property is changed by the contract of sale; and this is specifically held in Germond v. Home Insurance Co., 2 Hun, 540, where a policy of life insurance provided that if the property insured should be sold or conveyed, or the interest of the parties therein changed, it should be null and void. See Savage v. Howard Insurance Company, 52 N. Y. 502, 11 Am. Rep. 741.

The exact question before us seems to have been decided in McKechnie v. Sterling, 48 Barb. 330, where it was held that the destruction of the building on the premises by fire after the making of an absolute contract for the sale of an interest in land is no defense to an action for the purchase money, inasmuch as the purchaser, being the owner thereof, had an immediate interest therein. It is, perhaps, sufficient for us to say that the authorities cited in the McKechnie Case sustain the conclusion of the court, and with the reasoning of the opinion we agree.

The judgment appealed from should therefore be affirmed, with costs. All concur.