JOHN HOFFMAN, Appellant, *v.* RUSSELL HOFFMAN, Respondent.

Fourth Department, March 18, 1925.

**Summary proceedings to dispossess — justice of peace has jurisdiction though question of title is raised — deeds — paper signed by plaintiff stating " I do hereby sell " property in question to defendant not deed — defendant's possession was without right — final order in favor of defendant reversed and new trial granted.**

In summary proceedings to dispossess, the fact that the defendant raised a question of title alleging that the property belonged to him, does not oust a justice of the peace of jurisdiction of the proceeding.

The contention by the defendant that he is the owner of the premises based on a paper signed by the plaintiff, in which the plaintiff stated " I do hereby sell " the property in question to the defendant for a stated price, cannot be sustained, since the paper in question is not a deed of the property in view of the circumstances which tend to show that while the plaintiff intended to sell the property to the defendant, and the defendant agreed to buy it, the plaintiff continued in possession of the house on the premises, while the defendant entered into the possession of the barns and other buildings without the plaintiff's consent.

Inasmuch as the evidence establishes that the defendant entered the property in question without the consent of the plaintiff, he must be deemed to have been in possession wrongfully, though that possession was not disturbed for four months and, therefore, the final order in favor of the defendant must be reversed and a new trial granted.

APPEAL by the plaintiff, John Hoffman, from an order of the County Court of the county of Erie, entered in the office of the clerk of said county on the 14th day of April, 1924, reversing a judgment of a justice of the peace in summary proceedings to dispossess and dismissing the petition.

*Joseph T. Wilson* [*George W. Walters* of counsel], for the appellant.

*Alvin E. Ouchie*, for the respondent.

CROUCH, J.:

This is a summary proceeding to remove a squatter. The answer was a denial and a counterclaim alleging that defendant was the owner, and petitioner the tenant, of the premises in question, holding over and in possession after non-payment of rent. After a trial before a justice of the peace, judgment was given for defendant, awarding him possession of the premises and for $180 unpaid rent.

Upon appeal to the County Court that judgment was reversed and the proceedings were dismissed upon the ground that the Justice's Court had no jurisdiction to determine a question of title.

The County Court was in error. The provisions of the Justice Court Act (§§ 4, 172 *et seq.*) which require a dismissal in cases of disputed title relate only to actions as distinguished from summary proceedings. In those proceedings the question to be determined is the present right of possession. The question of title is only collaterally involved. (*Jones* v. *Reilly*, 174 N. Y. 97; *Drake* v. *Cunningham*, 127 App. Div. 79; *Quinn* v. *Quinn*, 46 id. 241.) The Civil Practice Act (§ 1410 *et seq.*, added by Laws of 1921, chap. 199, as amd.) and the Justice Court Act (§ 5-a, as added by Laws of 1921, chap. 200; since amd. by Laws of 1924, chap. 171) expressly give jurisdiction to a justice of the peace in proceedings for the summary removal of persons from real property, including squatters.

For some years prior to January 30, 1923, petitioner had been the owner of the premises and had lived thereon. On that day he signed and delivered to defendant a paper reading as follows:

" WILLIAMSVILLE, N. Y., *Jan.* 30, 1923.
" I do hereby sell that property on Main Street, known as the Pond Property, about 54 x 404, more or less, to Russell L. Hoffman, for a purchase price of $6,000.00.          " JOHN HOFFMAN."

Defendant says that that instrument was a deed and that by virtue of it he became the owner in fee of the premises.

The language used seems rather to evidence a sale and an agreement to convey than an actual conveyance. But that is not conclusive. The intent and not the words is the essence of every agreement. (*Jackson* v. *Myers*, 3 Johns. 388, 395.)

The court, so far as it can, will put itself in the position of the parties and ascertain their intention from the words used, their context and the surrounding circumstances. (*Shinnecock Hills & Peconic Bay Realty Co.* v. *Aldrich*, 132 App. Div. 118, 120; affd., 200 N. Y. 533.)

The evidence of surrounding circumstances here is scant. The petitioner was the only witness sworn and we have merely the summary of his testimony as set forth in the justice's return. He says he intended selling the property to defendant for $6,000; that defendant agreed to buy it for that sum. On or about March 1, 1923, defendant entered into possession of the barns and rear buildings on the premises without petitioner's consent and has since occupied them without his consent. Petitioner has continued to live in the house on the premises. The purchase price was not paid. There is a suggestion but no definite proof that in May, 1923, defendant tendered petitioner $6,000 and $100 interest, which was refused.

Construing the paper in the light of those circumstances taken in connection with the failure of the defendant to testify, we are of opinion that it was not a deed.

What equitable title or right the defendant has in the premises may not be determined here. If he was rightfully in possession as purchaser, he would be the equitable owner and petitioner would in equity be deemed his trustee. (*Sewell* v. *Underhill*, 127 App. Div. 92; affd., 197 N. Y. 168; *Carthage T. P. Mills* v. *Village of Carthage*, 200 N. Y. 1, 9.)

The petitioner testifies that defendant's entry was without his consent and that defendant did not ask him if he could have possession of the barns. However, he did not object until the following July thirteenth, when the notice to remove was served.

While the point is not entirely clear on the record as it comes to us, it may at least be said that no contract has been shown providing for possession by the defendant vendee. Hence there was

no license to him to enter. (*Teller* v. *Schulz,* 123 App. Div. 883; *Brennan* v. *Chapin,* 19 N. Y. Supp. 237; *Fagan* v. *Scott,* 14 Hun, 162.)

It may be well enough to add, in conclusion, that the quarrel between the parties seems to involve equities which should be dealt with by a court of general jurisdiction. Should such an action be begun, further proceedings herein could be stayed and the whole matter determined.

The order of the County Court and the final order of the Justice's Court should be reversed on the law and the facts, and a new trial granted, with costs to appellant to abide the event. The particular findings of fact to be reversed because against the evidence and against the weight of the evidence are as follows: That Russell Hoffman, the defendant, is entitled to possession of the premises and that the petitioner is a tenant holding over after expiration of his term and that he owes the defendant rent from January thirtieth, which is $180.

HUBBS, P. J., DAVIS, SEARS and TAYLOR, JJ., concur.

Order of County Court and final order and judgment of Justice's Court reversed on the law and facts, and a new trial granted in Justice's Court, with costs to appellant to abide event. New trial to be had on the 1st day of April, 1925, at ten A. M., before the same justice of the peace. The particular findings of fact reversed because against the evidence and against the weight of the evidence are as follows: That Russell Hoffman, the defendant, is entitled to possession of the premises and that the petitioner is a tenant holding over after the expiration of his term and that he owes the defendant rent from January thirtieth, which is $180.