DAVID E. BLUMENAUER, Respondent, *v.* JOSEPH RICHELSON, Appellant.

Third Department, January 14, 1927.

Summary proceedings to dispossess — though defense of equitable title may, under Civil Practice Act, § 1425, be interposed, court does not have jurisdiction to try question — question of equitable title is not passed on, but summary order on basis of rental agreement and non-payment is affirmed.

In summary proceedings to dispossess, in which the defendant asserted the defense that the property in question was bought in by the plaintiff on a mortgage foreclosure sale under an agreement with the defendant whereby the plaintiff was to convey the property to the defendant and take back a mortgage, the court does not have jurisdiction to try the question of title, although section 1425 of the Civil Practice Act permits the tenant in his answer to claim an equitable title, and, therefore, the final order in favor of the plaintiff is affirmed solely on the ground that the defendant agreed to rent the premises from month to month, and that he had failed to perform that agreement.

APPEAL by the defendant, Joseph Richelson, from an order of the County Court of the county of Sullivan, entered in the office of the clerk of said county on the 29th day of March, 1926, determining in summary proceedings to dispossess that the defendant was a tenant of the plaintiff's and that said defendant delivered possession of the property described in the petition.

* See 219 App. Div. 707.— [REP.

*Morris Kanfer* [*William D. Cunningham* of counsel], for the appellant.

*John D. Lyons* [*Nellie Childs Smith* of counsel], for the respondent.

PER CURIAM. The respondent instituted summary proceedings to remove the appellant who it was claimed was a tenant holding over after due notice to quit. The answer set up an alleged equitable title to the premises in defendant.

The relation of the parties to the premises in question appears to be as follows: The defendant originally owned them and had given a mortgage thereon. This mortgage was foreclosed in December, 1924. On the sale the respondent became the purchaser, receiving the referee's deed December thirty-first.

The appellant claims that there was an agreement made prior to the sale between himself and respondent to the effect that the latter would bid off the property for him and that he would give a mortgage for $8,000 to respondent. He claims respondent has refused to carry out this agreement. The latter, admitting that there was originally some agreement of this kind, claims the appellant has failed to perform it on his part and has expressly surrendered any equitable claim; and further, while continuing to occupy the premises, appellant agreed with him to pay rent at the rate of $50 a month and to become a tenant from month to month.

Though the Civil Practice Act now permits a tenant to interpose in his answer a claim of equitable title (§ 1425), there is no jurisdiction in the court in summary proceedings to adjust the equities between the parties and make decrees awarding title to one or the other, or declaring a deed to be in fact a mortgage. (*Hoffman* v. *Hoffman*, 212 App. Div. 531, 533.) If appellant has any just ground upon which to impeach the respondent's deed he should seek his remedy in a court of equity and not in a proceeding of this nature. He has already been tardy in that respect; and that the opportunity may still be open to him, without the risk of being confronted with a prior adjudication of the question of equitable title, in affirming we limit the decision to the single question that the defendant had agreed to pay rent as a tenant from month to month at the time the proceeding was instituted and was given due notice to quit. (See Civ. Prac. Act, § 1445.)

The order as thus limited should be affirmed, with costs.

VAN KIRK, HINMAN, McCANN and DAVIS, JJ., concur; COCHRANE, P. J., not voting.

Order affirmed, in accordance with opinion, with costs.