502 Park Avenue Corporation, Plaintiff, *v.* Delmonico Hotel, Incorporated, Defendant.*

Municipal Court of New York, Borough of Manhattan, Ninth District, July 7, 1928.

Summary proceedings to dispossess — jurisdiction — defense that relationship of landlord and tenant has been changed to that of vendor and purchaser by exercise of option contained in lease — option was properly exercised and Municipal Court of City of New York had no jurisdiction to determine equities of case — Municipal Court has no jurisdiction to make final order awarding possession to landlord.

In this proceeding to dispossess the defendant for non-payment of rent, the defendant interposed the defense that by accepting an option to purchase, contained in the lease, the relationship of the parties has been changed from that of landlord and tenant to that of vendor and purchaser. The evidence shows that the defendant did exercise the option contained in the lease, and, therefore, the old relationship of landlord and tenant ceased to exist prior to the commencement of this proceeding and a new relation of vendor and purchaser was created.

The questions of whether or not the defendant was financially able to complete its contract of purchase, and whether or not the plaintiff was able to deliver a marketable title, cannot be determined in this action in the Municipal Court of the City of New York, for there is no jurisdiction in that court to adjust the equities between the parties and to grant a judgment awarding title to one or the other.

The court has no jurisdiction to award a final order granting the plaintiff possession of the premises for that would be equivalent to a decree granting rescission of the contract of sale and restoration of the former relationship of landlord and tenant.

If there has been a breach of the contract by the plaintiff, the plaintiff has its remedy either by an action for specific performance or by an action to recover damages.

Summary proceeding to dispossess for non-payment of rent.

*M. Carl Levine* [*A. Lincoln Levine* of counsel], for the plaintiff.

*Abraham J. Halprin,* for the defendant.

* See opinion on rehearing, *post,* p. 686.

Genung, J.   Summary proceeding is brought for non-payment of rent due on May 1, 1928, in the sum of $78,125, representing the quarter-annual installment of rent payable in advance for the premises known as 502 Park avenue, borough of Manhattan, city of New York.   The tenant has interposed two defenses, in substance, that the premises described in the petition were subject to mortgages, liens and other incumbrances in excess of $5,135,000, and that the landlord has admitted to the tenant its inability to remove said liens and incumbrances, in accordance with certain agreements between the parties, and has been unable to give and convey and deliver to the tenant a marketable title in accordance with the provisions of the lease, and that the tenant is a vendee in possession of said premises, and there is no relationship of landlord and tenant between the parties to this proceeding.

The lease was dated February 1, 1928, for a term of twenty-one years, expiring February 1, 1949, at a graduated rental, payable in quarter-annual installments in advance.   The lease provided:

" 19th. Until April, 1928, the tenant shall have the right and option to purchase the demised premises upon the following terms and conditions.

" The purchase price to be Five million seven hundred thousand dollars ($5,700,000) payable as follows:

" Sixty-seven thousand dollars ($67,000) in cash simultaneously with the exercise of the option.

" Two hundred thousand dollars ($200,000) in cash upon the closing of title at which time the tenant is to be credited with the sum of Two hundred ninety-eight thousand dollars ($298,000) on account of the purchase price.

" Three million eight hundred thousand dollars ($3,800,000) by the Tenant taking said premises subject to a trust mortgage for that amount securing a bond issue, now of record.

" One million eighty-five thousand dollars ($1,085,000) by the Tenant executing and delivering to the landlord its purchase money mortgage for that amount.   *   *   *

" If the Tenant exercises the option to purchase as herein provided, title is to close on June 1, 1928 as of May 1, 1928, and it is agreed that the time of closing is of the very essence of this agreement; and in the event of the exercise of such option all adjustments of interest and rent are to be as of May 1, 1928, but all other charges, taxes, water rates, insurance premiums, etc., will be borne by the tenant."

On March 1, 1928, an agreement was signed, providing as follows:

" In consideration of the sum of Thirty-seven thousand dollars ($37,000) to it in hand paid by Delmonico Hotel, Incorporated,

receipt whereof is hereby acknowledged, the option to purchase given to the tenant by paragraph 19th of the lease, between 502 Park Avenue Corporation as landlord and Delmonico Hotel, Incorporated, as Tenant, dated February 1, 1928, is hereby extended to April 4, 1928.

" If, on April 4th, 1928 the Delmonico Hotel, Incorporated, pays to the 502 Park Avenue Corporation the further and additional sum of Fifteen thousand dollars ($15,000), the undersigned, 502 Park Avenue Corporation, will extend said option to April 15, 1928.

" If the option to purchase is exercised by Delmonico Hotel, Incorporated, as hereinabove set forth, and as provided for in said lease, then the Thirty-seven thousand dollars ($37,000) this day received, and, if the option is extended upon payment of Fifteen thousand dollars ($15,000) on April 4th, 1928, as above set forth, the Fifteen thousand dollars ($15,000) so paid will be credited to the Delmonico Hotel, Incorporated, on account of the cash payment required to be made by the tenant on the exercise of said option pursuant to the provisions of said lease.

" If the option is not exercised, the moneys paid hereunder shall belong to the 502 Park Avenue Corporation, and the Tenant shall not be entitled to credit of any kind because of such payments, nor shall any payments made hereunder relieve the tenant from the obligation of the payment of the rent provided for in said lease at the times and in the manner in said lease set forth."

It is conceded that the tenant did pay to the landlord the sum of $67,000 in cash, the amount required to be paid simultaneously with the exercise of the option, and that the tenant did notify the landlord that it exercised the option to purchase the property prior to May 1, 1928, when the alleged quarter-annual installment of rent accrued, for which this proceeding is brought. The signing of the extension agreement, the payment of the amount of money required and notice to the landlord of intention to exercise the option created a new relationship of vendor and vendee and terminated the former relationship of landlord and tenant. (*Bullock* v. *Cutting*, 155 App. Div. 825; *Galbraith* v. *Buffalo Vegetable Marketing Co., Inc.*, 128 Misc. 79; 35 C. J. 1041.) There is nothing in the lease or the agreement between the parties to indicate an intention that both sets of relationships, *i. e.*, landlord and tenant as well as vendor and vendee, should coexist during the pendency of the contract of sale, and before its consummation and until any controversy arising between the parties as to such contract should be determined.

There is here presented a controversy between the parties as

to whose default prevented the contract of sale from being consummated on the date set for the closing of title. The landlord contends that the tenant was financially unable to make the cash payment of $200,000 as required, and the tenant contends that the landlord was unable to deliver a marketable title because of liens and incumbrances, other than those provided in the lease and option to purchase. This controversy cannot be decided in the Municipal Court. While the Civil Practice Act (§ 1425)* allows a tenant in a summary proceeding to interpose an answer "setting forth a statement of any new matter constituting a legal or equitable defense, or counterclaim," there is no jurisdiction in the Municipal Court to adjust the equities between the parties and make decrees awarding title to one or the other party. (*Blumenauer* v. *Richelson,* 219 App. Div. 462; *Hoffman* v. *Hoffman,* 212 id. 531.) The tenant has interposed an equitable defense, which is in the nature of a claim of equitable title under a contract of sale. Where such a defense is interposed simply for the purpose of defeating the landlord's claim, and the relief sought is the dismissal of the petition, the Municipal Court has jurisdiction. (*Alexander* v. *Vidootzky,* 49 Misc. 471.) What is the landlord seeking? A final order awarding possession of the premises for non-payment of rent is asked in the petition. That would be equivalent to a decree granting a rescission of the contract of sale and a restoration of the former relationship of landlord and tenant. No such affirmative relief can be granted in this court.

It is contended by the landlord that the tenant may not remain in possession of the premises without paying rent under the lease or consummating the purchase of the property by the payment of the purchase price and the delivery of the remaining consideration provided in the agreement. The relationship of vendor and vendee was created and recognized by the parties and the exercise of the option and the payment of the money required therein constituted a complete contract. (*Bullock* v. *Cutting, supra.*) If there has been a breach of that contract by the vendee, the vendor has its remedy, either by affirmance of the contract and an action for specific performance, or by rescinding the contract and an action for damages. The only question to be determined in this proceeding is whether the relationship of landlord and tenant exists, and whether any rent is due the landlord. It is apparent from the agreements that the parties intended that upon the exercise of the option to purchase, the obligation to pay rent should forthwith cease; and the tenant having exercised the option to purchase,

* As added by Laws of 1921, chap. 199, and amd. by Laws of 1924, chap. 514.— [Rep,

the relationship of landlord and tenant no longer existed at the time of the commencement of this proceeding, and the obligation to pay rent ceased before the alleged quarter-installment of rent accrued.

Final order is granted, therefore, in favor of the tenant and dismissing the proceedings.