GEORGE C. PORTER, Plaintiff, *v.* WILLIAM H. NEWTON, Defendant.

Supreme Court, Oswego County, October 16, 1931.

*James C. Feeney*, for the plaintiff.

*Thomas L. McKay*, for the defendant.

LEWIS, EDMUND H., J. By the complaint the plaintiff seeks to establish an equitable interest in certain real property located in the city of Oswego, N. Y. The basis of such an interest is an alleged oral agreement made between plaintiff and defendant in 1922 under which plaintiff claims to have made certain payments and performed certain obligations assumed by him.

The defendant moves to dismiss the complaint, assigning as the ground for such motion the fact that in August, 1931, a proceeding was instituted by the defendant before a justice of the peace of Oswego county to dispossess the plaintiff from the premises in question; that in said proceeding the plaintiff filed an answer to defendant's petition denying ownership in the defendant. The plaintiff did not appear upon the trial of that proceeding and accordingly a warrant issued to dispossess him.

The defendant now contends, in support of his motion to dismiss

plaintiff's complaint in this action, that having by his answer in the summary proceeding before the justice of the peace tendered the issue of ownership, the decision upon that issue is conclusive upon the plaintiff. Stated otherwise, the defendant contends that as between the parties to the action at bar the question of ownership of the property in question is *res adjudicata*, the plaintiff being estopped from now asserting title which in the summary proceeding was found to be in the defendant.

I cannot agree with defendant's argument for I believe it proceeds upon a misapprehension of the jurisdiction of a justice of the peace in a summary proceeding. The rule is clear that in such a proceeding an adjudication is limited to right of *possession* — not a determination as to title of the property in question. " ' The question in summary proceedings is, whether the relation of landlord and tenant exists. The question of title cannot arise, the one presented being as to right to possession, and the decision simply determines who is entitled to possession, and cannot in any way affect title to land.' " (*People ex rel. Hill* v. *Kelsey*, 82 Misc. 491, 495, and cases cited.)

In this connection it may be well to borrow from the language of Mr. Justice CROUCH, writing for the Appellate Division, Fourth Department, in *Hoffman* v. *Hoffman* (212 App. Div. 531, 532 *et seq.*): " This is a summary proceeding to remove a squatter. * * * The provisions of the Justice Court Act (§§ 4, 172 *et seq.*) which require a dismissal in cases of disputed title relate only to actions as distinguished from summary proceedings. In those proceedings the question to be determined is the present right of possession. The question of title is only collaterally involved. * * * What equitable title or right the defendant has in the premises may not be determined here. * * * It may be well enough to add, in conclusion, that the quarrel between the parties seems to involve equities which should be dealt with by a court of general jurisdiction. Should such an action be begun, further proceedings herein could be stayed and the whole matter determined."

At a later date the Appellate Division, Third Department, restated the rule (*Blumenauer* v. *Richelson*, 219 App. Div. 462, 463): " Though the Civil Practice Act now permits a tenant to interpose in his answer a claim of equitable title (§ 1425), there is no jurisdiction in the court in summary proceedings to adjust the equities between the parties and make decrees awarding title to one or the other."

The doctrine of estoppel by a judgment, or *res adjudicata*, rests upon the proposition, among others, that the judgment invoked must have been rendered by a court of competent jurisdiction.

" A justice of the peace has the jurisdiction in civil actions and special proceedings expressly conferred upon him by statute and no other." (Justice Ct. Act, § 2.)

It follows that as the justice of the peace, whose warrant dispossessed the plaintiff, had no jurisdiction to determine title or any equities affecting it, it cannot be successfully argued that the judgment in those summary proceedings is *res adjudicata* upon the question of title in this action.

Defendant's motion to dismiss the complaint is denied, with ten dollars costs.

Ordered accordingly.