METROPOLITAN LIFE INSURANCE COMPANY, Landlord, Appellant, v. LOUIS SHAPIRO, Tenant, Respondent.*

Supreme Court, Appellate Term, First Department, May 13, 1937.

* Revg. 162 Misc. 223.

*Alfred B. Carb* [*Sydney A. Luria* of counsel], for the appellant.

*Sidney S. Levine,* for the respondent.

CALLAHAN, J.  In this summary proceeding brought on the ground that the tenant holds over after the expiration of his term, he counterclaimed for $9,824, damages to personal property. No question is raised as to the sufficiency of the counterclaim.

At the April, 1932, term this court held that a counterclaim for money damages could not be interposed in a summary proceeding such as this for holding over the term. (*Madison 52nd Corporation* v. *Club Internationale, Inc.,* No. 242 Mun. Ct.) The Appellate Division denied an application for leave to appeal to that court from our determination.

Prior to 1893 there was no provision for a counterclaim in a summary proceeding. In that year section 2244 of the Code of Civil Procedure (corresponding to section 1425 of the Civil Practice Act) required a written answer, verified in like manner as a verified answer in an action in the Supreme Court, denying generally the allegations or specifically any allegation of the petition.

By chapter 705 of the Laws of 1893 there was added to the section " or setting forth a statement of any new matter constituting a legal or equitable defense, or counterclaim. Such defense or counterclaim may be set up and established in like manner as though the claim for rent in such proceeding was the subject of an action."

The counterclaim thus permitted was merely a setoff; no affirmative judgment on the counterclaim was authorized until 1920, when by chapter 132 of the Session Laws it was provided that " If the court finds that a defense or counterclaim has been established in whole or in part, it shall, upon rendering a final order, determine the amount of rent due to the petitioner or make such other proper disposition as shall determine the rights of the parties, and may give affirmative judgment for the amount found to be due on the counterclaim." And then the Legislature in 1924 inserted at the end of that section (Civ. Prac. Act, § 1425) the provisions permitting judgment for rent due.

Speaking of the 1893 amendment the Court of Common Pleas said (*Constant* v. *Barrett,* 13 Misc. 249, 250): " This amendment was apparently made to meet some special emergency, and without regard to the general scheme adopted in summary proceedings."

While the " legal or equitable defense " provided for is apparently restricted to a proceeding for non-payment of rent, just as a counterclaim is, it has never been contended that only in non-payment proceedings can a defense be interposed; indeed, it would be manifestly unjust to allow a tenant to avail of a defense in a proceeding for non-payment of rent but not in any other proceeding. So we

find defenses in proceedings for holding over the term (*Simon* v. *Schmitt*, 137 App. Div. 625; *Armstrong* v. *Shapiro*, 207 id. 304) and in squatter cases (*Blumenauer* v. *Richelson*, 219 App. Div. 462). Under the Revised Statutes permitting the tenant to file an affidavit containing a denial of the " facts upon which the said summons was issued, or any of those facts " there was a liberal construction of the right of the tenant with respect to the admission of proof. In *Roach* v. *Cosine* (9 Wend. 227), a proceeding for holding over after the expiration of the term, the tenant was allowed to prove that the deed delivered by the tenant to the petitioner was a mortgage, the so-called rent being merely interest on the mortgage, and, therefore, the relation of landlord and tenant did not exist; and in *People ex rel. Ainslee* v. *Howlett* (76 N. Y. 574) the tenant was allowed to show in his affidavit that he executed a deed to defendants and took from them a contract to repurchase a lease of the premises, that these papers were drawn in pursuance of an agreement to borrow a sum of money of defendants at a usurious rate of interest, the usury being covered up under the name of rent. In a proceeding for non-payment of rent, under the Code, a denial permitted proof of payment. (*Durant Land Imp. Co.* v. *East River Electric Light Co.*, 15 Daly, 337.) So that in practice it would seem that the tenant was not formerly restricted in setting up and proving what under the Civil Practice Act would doubtless be deemed defenses.

There is a distinction, however, between a defense and a counterclaim. If a defense be not availed of it is gone, at least in so far as the existing action or proceeding is concerned. But ordinarily it is optional with a party sued to reserve his counterclaim for another day. And then whether a demand was a subject of counterclaim depended, down to 1936, upon whether it (except as otherwise provided by statute) tended to defeat or diminish the plaintiff's recovery, and the nature of the recovery as well as the kind of action brought — modified somewhat by sections 84 and 85 of the Municipal Court Code. So that when the 1893 amendment became operative there was a reason for providing, as far as the counterclaim was concerned, that it could " be set up and established in like manner as though the claim for rent in such proceeding was the subject of an action," and accordingly that a counterclaim be " set up and established " only in a non-payment proceeding. (See *Franklin Bldg. Co.* v. *Finn*, 165 App. Div. 469; Keogh, Landlord & Tenant, Summary Proceedings, 232 *et seq.*)

Respondent contends that *240 West 37th Street Co., Inc.*, v. *Lippman* (241 App. Div. 529) sustains the counterclaim in this case. But that was a summary proceeding for non-payment of rent decided by the Appellate Division after this court had held

that in a non-payment case the tenant could counterclaim for damages to his property caused by the landlord's negligence (*Harfried Realty Co.* v. *Spuyten Amusement Corp.*, 150 Misc. 904), and it seems to me that the statement of the Appellate Division that " we are of opinion that in summary proceedings a tenant may interpose a counterclaim for breach of the landlord's duty to repair " must be read in the light of the fact that that was a nonpayment proceeding. I do not think the court intended to decide that in any of the other twelve classes of cases provided for by the summary statute a counterclaim to recover a sum of money could be set up and litigated.

The order is also sought to be sustained because since our decision in the *Madison* case section 266 of the Civil Practice Act (providing that, except as otherwise enacted, a counterclaim must tend to defeat or diminish the plaintiff's recovery, etc.) has been repealed, and since September 1, 1936, a counterclaim may be any cause of action in favor of defendant against the plaintiff. While the new section makes any cause of action in favor of defendant the subject of counterclaim, the broadened procedure does not affect this case, for we must look to section 1425 of the Civil Practice Act to find out when a counterclaim is allowable in a summary proceeding, and that section, as I read it, provides for a counterclaim only in a non-payment case.

Order reversed, with ten dollars costs, motion to dismiss counterclaim granted, and proceeding set down for trial for May 26, 1937.

Levy and Hammer, JJ., concur.