In the Matter of the Petition of JOHN L. BAME, Appellant, for a Final Order to Remove the Respondents from Real Property and Premises in the Town of Kinderhook, Columbia County, N. Y., against CORA B. RUTHERFORD and DONALD RUTHERFORD, Respondents.

Third Department, November 2, 1938.

*John T. Norton,* for the appellant.

*William E. J. Connor,* for the respondents.

PER CURIAM. Appeal from an order of the Columbia County Court which denied the petition in a summary proceeding to remove respondents from real property located in the town of Kinderhook,

N. Y. The proceeding was brought under subdivision 5 of section 1411 of the Civil Practice Act whereunder a person who holds over and continues in possession of real property may be removed therefrom " where the property has been sold for unpaid taxes and a tax deed has been executed and delivered to the purchaser and he has complied with all provisions of law precedent to the right to possession and the time of redemption by the former owner or occupant has expired." Respondent Cora B. Rutherford purchased on November 4, 1931, an eight-acre parcel of land from one Whitney, he retaining 141 acres adjacent. At the time of the purchase, she paid the taxes for the year 1930. Thereafter, although the assessing authorities had notice, the entire 149-acre tract was assessed to Whitney. These taxes were not paid and thereafter the entire tract was sold to petitioner on account of 1930 taxes (which had already been paid) and the unpaid 1931 taxes. In 1932 and 1933 the entire tract again was assessed to Whitney and again a tax sale was held for these unpaid taxes. Petitioner was the purchaser. In 1934 the tax upon respondents' eight acres was assessed to her and a sale thereof was held February 6, 1936. It is under this sale and the subsequent proceedings thereon that the petitioner claims a tax title to the eight acres. The respondent argues that she was justified in not paying the 1934 taxes as her lands had been sold twice on erroneous assessments; also that before the expiration of the period of redemption and on June 8, 1937, the county treasurer, pursuant to her application, canceled all of the tax sales and proceedings had in connection with the eight acres and that the deed which petitioner now holds he obtained pursuant to an order of mandamus in a proceeding to which respondent was not a party. It is unquestioned that no steps have been taken by petitioner looking to the setting aside of the order of cancellation made by the county treasurer.

A summary proceeding is not a substitute for an action in ejectment but provides a simple, expeditious and inexpensive means of obtaining the possession of property to which the title is not in dispute. (*Reich* v. *Cochran*, 201 N. Y. 450.) In summary proceedings the present right of possession only may be determined and this may be done even though the question of title is involved collaterally. (*Hoffman* v. *Hoffman*, 212 App. Div. 531.)

In the case at bar the petitioner does not come within the purview of the statute. He seeks to recover property under a tax sale and deed, both of which have been canceled. The propriety of the cancellation of the sales could not be litigated in this proceeding and the petitioner had not " complied with all provisions of law precedent to the right to possession."

" Though the Civil Practice Act now permits a tenant to interpose in his answer a claim of equitable title (§ 1425), there is no jurisdiction in the court in summary proceedings to adjust the equities between the parties and make decrees awarding title to one or the other, or declaring a deed to be in fact a mortgage." (*Blumenauer* v. *Richelson*, 219 App. Div. 462, 463.) There are issues here presented which may be determined only in an action at law or a suit in equity.

The order of the Columbia County Court should be affirmed, with costs.

HILL, P. J., MCNAMEE, CRAPSER, BLISS and HEFFERNAN, JJ., concur.

Order of Columbia County Court affirmed, with costs.