In the Matter of the Application of ARTHUR GLADSTONE and Others, as Trustees of Common School District No. 23, Town of Andes, Delaware County, New York, Petitioners, Respondents, for the Removal of CHARLES DREW and Others from Said Premises under Article 83 of the Civil Practice Act.

CHARLES DREW, Appellant.

Third Department, November 1, 1939.

*Arthur F. Curtis*, for the appellant.

*Flaesch & Latham* [*Livingston S. Latham* of counsel], for the respondents.

HILL, P. J. In this summary proceeding appellant and certain of his tenants have been directed to surrender possession of real property to the three petitioners who designate themselves Trustees of Common School District No. 23, Town of Andes, Delaware County, New York. The parcel involved has dimensions of six by seven rods and is bounded on three sides by the farm lands of appellant and on the other by the highway. The school district received a deed in 1847 wherein it is recited that first parties Bassett and Peake " have this day bargained and sold to the said trustees aforesaid the following piece or parcel of land for the site of a school house and for the length of time only which it shall be occupied for that purpose," and the habendum clause provides

that the grantee is " to have and to hold the same free from all incumbrances so long as it shall be occupied for the above named purposes." The appellant, through mesne conveyances, now owns the premises formerly owned by Bassett and Peake. The description by metes and bounds contained in his deed includes the school house lot. The trial court has determined that the school district still occupies the land for the purpose mentioned in the deed. One of the respondents testified that at a meeting of school district No. 23, held in April, 1937, it was determined by vote to close the school house. He says: " If I am allowed to tell you, we had two meetings. One we had a meeting and decided to close for one year, and at another meeting about a year after we decided to close it permanently." The seats and furniture formerly used in the building have been removed by the school authorities. A school has not been conducted in the building since the winter of 1936–1937. The petitioners plead that they are trustees of the school district. This is denied by the answer and there is no evidence to sustain the allegation. Two of the petitioners were witnesses and neither testified that he was a trustee. Evidence on this subject was given by their witness, Mr. Graham: " Q. Who is the trustee for that district? A. Henry Jackson was the last trustee. Q. He was elected when? A. 1933–34 for that term. Q. You have not elected trustees since? A. It has been in the central district since."

Summary proceedings may be maintained only when by contract or implication of law the relation of landlord and tenant exists. (*Reich* v. *Cochran*, 201 N. Y. 450.) The present right of possession may be determined when a question of title is only collaterally involved. (*Jones* v. *Reilly*, 174 N. Y. 97; *Preston* v. *Hawley*, 101 id. 586; *People ex rel. Ainslee* v. *Howlett*, 76 id. 574; *People ex rel. Mitchell* v. *Simpson*, 28 id. 55; *Geiger* v. *Feldberg*, 250 App. Div. 731; *Matter of Bame* v. *Rutherford*, 255 id. 228.)

The limitation contained in the conveyance is effective. The school district would lose the right of possession if the maintenance of a school on the site was permanently discontinued. (*First Reformed Dutch Church* v. *Croswell*, 210 App. Div. 294; appeal dismissed, 239 N. Y. 625; *Allen* v. *Trustees of Great Neck Free Church*, 240 App. Div. 206; *Leonard* v. *Burr*, 18 N. Y. 96.)

In this proceeding only petitioners' present right of possession may be determined. Whether upon abandonment the title reverts to the appellant Drew or to the heirs of Bassett and Peake, grantors in the deed to the school district, is not here presented. Courts have advised that when the right of possession involves title, reversion or equities, the quarrel between the parties may be

dealt with better by a court of general jurisdiction. (*Hoffman* v. *Hoffman*, 212 App. Div. 531, 534; *Blumenauer* v. *Richelson*, 219 id. 462.)

Petitioners have established neither the right to maintain this proceeding nor that the school district now has the right of possession. I am not unmindful that in the final order the court purports to substitute Harry Jackson as a petitioner in place of Herbert Graham, but I do not find that the defendants consented to the substitution or any reference thereto in the record.

Order reversed on the law and facts, with ten dollars costs and disbursements. Such findings as are contained in the judgment or the opinion of the trial court that the premises are still occupied as a site for a school house and that petitioners have a right to maintain this proceeding are reversed.

A new trial and hearing is granted, if the petitioners are so advised, and may be brought on before the Delaware County Court on eight days' notice. If such matter is not brought on within sixty days from the service of the order entered herein upon the attorneys for the respondents, the petition is dismissed, with ten dollars costs.

HEFFERNAN, SCHENCK and FOSTER, JJ., concur; BLISS, J., concurs in the result.

Order reversed, on the law and facts, and a new hearing granted at the petitioners' option, to be brought on before the Delaware County Court on eight days' notice. If the petitioners do not exercise the option within sixty days from the service of a copy of the order to be entered hereon on the attorneys for the respondents, the petition is dismissed, with ten dollars costs.