Anthony Mangueo, J.
This is a proceeding by the landlord to evict the tenant, Edward Kruse, from real property located in' the town of Evans, County of Erie, State of New York, on the ground that said tenant continues in possession thereof without the permission of the petitioner after due notice to quit therefrom.
The tenant by his answer has denied the material allegations of the petition and has interposed an equitable defense and counterclaim by which he seeks an adjudication by this court, that pursuant to an oral agreement entered into by him with Doctor Frank Kruse and Viola M. Kruse, his wife, he is the rightful and lawful owner of premises, entitled to possession thereof; that the landlord and Doctor Frank Kruse and Viola M. Kruse, his wife, execute and deliver to him a deed to the real property in question, or in lieu of said deed, that he be adjudged to have an equitable lien against the premises in the sum of $5,000, or in the further alternative, a judgment against the landlord and the said Doctor Frank Kruse and Viola M. Kruse, his wife, in the sum of $5,000.
Doctor Frank Kruse and Viola M. Kruse were not named as parties in this proceeding as instituted. However, the tenant by his answer, containing among other things the aforesaid equitable defense and counterclaim impleaded them, pursuant to section 271 of the Civil Practice Act, as interested parties to this proceeding to obtain the relief prayed for by him.
*719 The landlord has moved to dismiss the equitable defense and counterclaim on the ground that they cannot be interposed in a summary proceeding seeking possession of real property only.
The court is satisfied that section 1425 of the Civil Practice Act which permits a tenant to interpose in his answer a claim of equitable title, specifically limits the equities to be determined by such a defense to the right of possession only on the part of the landlord, and that this court, not being a court of general jurisdiction, has no authority or power to direct the relief requested in the answer, inasmuch as such relief should be sought in a court of equity and not in a proceeding of this nature. (See Blumenauer v. Richelson, 219 App. Div. 462.) This same principle of law is reaffirmed in the Matter of Gladstone v. Drew (257 App. Div. 696, 697-698) where the court said: “ In this proceeding only petitioners ’ present right of possession may be determined. Whether upon abandonment the title reverts to the appellant Drew or to the heirs of Bassett and Peake, grantors in the deed to the school district, is not here presented. Courts have advised that when the right of possession involves title, reversion or equities, the quarrel between the parties may be dealt with better by a court of general jurisdiction. (Hoffman v. Hoffman, 212 App. Div. 531, 534; Blumenauer v. Richelson, 219 App. Div. 462.)”
The Court of Appeals in Jones v. Gianferante (305 N. Y. 135) made this very pertinent observation at page 139 thereof:
“ We note, in passing, that section 1425 of the Civil Practice Act specifically authorizes the use of equitable defenses in such landlord-tenant proceedings. * * *
“ This summary proceeding under article 83 of the Civil Practice .Act is of purely possessory character, and the only issue bAore the court was as to the right of possession, as of October 5, 1951 (see Quinn v. Quinn, 46 App. Div. 241, 243; Hoffman v. Hoffman, 212 App. Div. 531, 534; Matter of Gladstone v. Drew, 257 App. Div. 696, 697; Nemetty v. Naylor, 100 N. Y. 562, 566).”
It must also be remembered that the decision of the courts in various cases have very clearly held that a c unterclaim to recover money damages may not be interposed n a summary proceeding seeking only possession of the real property in question. In Metropolitan Life Ins. Co. v. Shapi o (163 Misc. 76, 79) the court stated: “ "While the new section makes any cause of action in favor of defendant the subject of counterclaim, the broadened procedure does not affect this case, for *720 we must look to section 1425 of the Civil Practice Act to find out when a counterclaim is allowable in a summary proceeding, and that section, as I read it, provides for a counterclaim only in a non-payment case.”
It is, therefore, the conclusion of the court that although an equitable defense may be interposed by the tenant to disprove that the landlord is entitled to possession of the real property, the counterclaim seeking equitable relief and money damages is improper under the law and the motion of the landlord to strike out the counterclaim and the prayer for equitable relief only as against him and Doctor Frank Kruse and Viola M. Kruse is therefore granted without costs.
This proceeding will be tried before this court and a jury on the 12th day of July without further delay.