George Starke, J.
This is a motion by the landlord to dismiss a counterclaim interposed by the tenant in a holdover summary proceeding.
Section 743 of the Beal Property Actions and Proceedings Law provides: ‘ ‘ The answer may contain any legal or equitable defense, or counterclaim. The court may render affirmative judgment for the amount found due on the counterclaim.” This section is derived from section 1425 of the Civil Practice Act which read: “ Such defense or counterclaim may be set up and established in like manner as though the claim for rent in such proceeding was the subject of an action.” The words “ the claim for rent ” in the foregoing section of the Civil Practice Act was construed to permit a counterclaim to be interposed only in a nonpayment proceeding and not in a proceeding based on a tenant’s holding over. (Metropolitan Life Ins. Co. v. Shapiro, 163 Misc. 76, affd. 252 App. Div. 855.)
The language of section 1425 of the Civil Practice Act which formed the basis of the holding in the cited case that counter *989 claims were not permitted in holdover proceedings, has not been carried over into the successor statute, section 743 of the Beal Property Actions and Proceedings Law. The present statute is unambiguous and permits of only one interpretation, viz., that counterclaims may now be interposed in any summary proceeding, either for nonpayment of rent or for the tenant’s holding over.
The primary purpose and intention of summary proceedings is the speedy and expeditious disposition of the issue as to the right of the landlord to the immediate possession of his real property. That “ time is of the essence ” is revealed not only from the designation of the proceedings as summary, but from the fact that an adjournment of the trial of the issue may not be for more than 10 days, “ except by consent of all parties.” (Beal Property Actions and Proceedings Law, § 745.)
The only argument in favor of the trial of counterclaims along with the summary proceeding is that multiplicity of trials are avoided; but this is far outweighed by the desire for a speedy disposition of landlord and tenant matters.
Equitable defenses have been permitted both under the Code of Civil Procedure and under the Civil Practice Act in any summary proceeding whether for a holdover or for nonpayment of rent. The issue in any summary proceeding is whether the landlord is entitled to the possession of his real property; and any equitable defense offered by the tenant to show that the landlord is not entitled to such possession must be considered. Similarly, where the counterclaim interposed by the tenant is in essence an equitable defense, or where it is so intertwined with the defense as to become part and parcel thereof, the court should take proof on the counterclaim. However, where the counterclaim has nothing whatever to do with the issue of whether the landlord is entitled to the immediate possession of his property, the counterclaim ought not to be considered. Under such circumstances the court ought to sever the counterclaim from the proceeding. Summary proceedings are special proceedings, and under section 407 of the Civil Practice Law and Buies, the court may ‘ ‘ at any time ’ ’ order a severance of a particular claim or counterclaim.
As stated in New York Civil Practice by Weinstein-KornMiller (vol. 1, § 407.01): “ It is essential, however, to vest the court with broad powers to control such joinder or interposition of claims and to order severances when the summary nature of the special proceeding would be jeopardized.”
In the case in hand it would seem that a part at least of the defense and counterclaim interposed by the tenant relates *990 directly to the issue of the landlord’s right to possession, and the balance thereof would furnish no obstacle to a speedy determination of the issues. The court, of course, does not at this time pass on the merits or sufficiency of the defense and counterclaim. The only determination made by the court is that the tenant has a right to interpose a counterclaim in this proceeding. The landlord’s motion to strike the counterclaim is accordingly denied.