Lawrence Newmark, J.
This motion to sever the respondent’s counterclaim is denied. The petitioners have taken the position that the respondent’s counterclaim is unrelated to the issue of whether the petitioners are entitled to immediate possession of their property. In Janks v. Central City Roofing Co. (271 App. Div. 545), the landlord served a notice on the tenant to vacate the premises because he was terminating the lease for nonpayment of rent. The tenant did not leave, and the landlord brought a summary proceeding.
The tenant counterclaimed for damages resulting from the landlord’s failure to comply with certain covenants in the lease. The court held that, because of the existence of a possible counterclaim at the time the landlord served notice of termination, there might not have been any default in rent payment. In that case, the notice of termination would have been improperly sent, and the lease still in effect. On this basis the court allowed the counterclaim to be tried with the primary complaint. The courts have also allowed a counterclaim in a summary proceeding for a landlord’s breach of a duty to repair (240 West 37th St. Co. v. Lippman, 241 App. Div. 529), and for the landlord’s alleged negligence in allowing water to drain onto the leased premises from an adjoining building (Harfried Realty Co. v. Spuyten Amusement Corp., 150 Misc. 904).
In the petitioners’ memorandum of law, four authorities are cited in support of their motion to sever the counterclaim. The first of these was Great Park Corp. v. Goldberger (41 Misc 2d 988). In that case, the court merely stated that it was a question of fact in each case as to whether the tenant’s counterclaim is ‘1 so intertwined with the defense as to become part and parcel thereof, ’ ’ or whether it 1 ‘ has nothing whatever to do with the issue ” of the landlord’s right to possession. In fact, the court denied the landlord’s motion to strike the counterclaim.
The petitioners next cite 667 Hotel Corp. v. Theatre Cabaret (N. Y. L. J., March 5, 1971, p. 18, col. 6) in which the court severed the counterclaim for damages to the leased premises caused by water leakage. However, the basis for such severance was that the liability of the landlord was very much in doubt because 1) the leakage sprang from other premises above the *435 landlord’s premises; 2) and the landlord had tried many times unsuccessfully to stop the leakage.
As the third authority, the petitioners cite the case of Tankoos-Yarmon Hotels v. Smith (58 Misc 2d 1072), for the proposition that a counterclaim for damages unrelated to the landlord’s claim of possession should be severed. The petitioners fail to mention that the tenant’s damages in this case were for personal injury, not property damages.
Finally the petitioners referred to 34 N. Y. Jur. (Landlord and Tenant, § 300) in support of the theorem that a breach by a landlord of a covenant to make repairs for improvements is not a proper defense to an action against the tenant for rent. Again, the petitioners have overlooked 34 N. Y. Jur. (Landlord and Tenant, § 303, p. 115); “ While breaches by the landlord of his covenants and agreements are not defenses to an action for rent, such breaches may be set up by the tenant by way of counterclaim or recoupment for damages resulting therefrom in an action by the landlord for rent WTiile the adjudication of the counterclaim will prolong the summary proceeding in point of time, the assertion of such a claim raises the question whether the summary proceeding was properly brought on, and this precludes its severance.