Herbert A. Posner, J.
This is a motion to reargue a decision this court rendered on January 20, 1977, in which we attempted to apply the "wisdom of Solomon” by severing a counterclaim in half.
Petitioner landlord had brought a summary proceeding for nonpayment and respondent tenant had counterclaimed for damages based upon the landlord’s (1) breach of warranty of habitability (Real Property Law, § 235-b) and (2) negligence. The petitioner then moved to sever the counterclaim pursuant to paragraph 21 of the lease, in which the tenant had covenanted away his right to assert any counterclaims in a proceeding brought by the landlord.
In the January 20, 1977 order the court: (1) severed that portion of the counterclaim dealing with the cause of action grounded in negligence, (2) permitted the counterclaim based upon section 235-b of the Real Property Law to stand, but (3) *438 not in excess of the amount sued for by the petitioner. The court reaffirms its actions for the following reasons.
(1) Severing the counterclaim for negligence.
It is well established that the tenant may covenant away a counterclaim based upon the landlords’ negligence. The authority in landlord-tenant law, Rasch comments: "A provision in a lease prohibiting counterclaims in a summary proceedings for nonpayment of rent is valid, and a counterclaim interposed in violation of such a provision will be dismissed without prejudice to the tenant’s right to bring an independent action based thereon.” (Rasch, Landlord and Tenant, § 1328.) There are a number of cases upholding this judicial principle (Amazon Mgt. v Paff, 166 Misc 438; Linker v Herard, 13 Misc 2d 445).
(2) Permitting the counterclaim for breach of warranty.
This principle does not, however, apply to a counterclaim based upon the breach of warranty of habitability. The statute, which took effect August 1, 1975, established a warranty of habitability in every lease or rental agreement and a tenant may not waive the benefits of the warranty and any provision waiving said benefit or modifying the tenant’s rights is void as against public policy. Paragraph 21 of the lease is, therefore, void insofar as it affects the counterclaim based upon the warranty of habitability. (Goldner v Doknovitch, 88 Misc 2d 88.)
(3) Limiting the counterclaim.
The tenant claims that as a result of the landlord’s breach of the warranty of habitability his apartment was burglarized and he suffered a loss considerably in excess of the rent due. Therefore, he claims that he is entitled to assert and prove in the summary proceedings his complete loss and recover an affirmative judgment for any amount in excess of the rent due and owing. The tenant cites as authority for this theory Great Park Corp. v Goldberger (41 Misc 2d 988), Parker v Di Misa (67 Misc 2d 433), Janks v Central City Roofing Co. (271 App Div 545) and Alexander v O’Brien (6 NYS 2d 614). None of these cases involve a lease wherein the tenant covenanted not to assert a counterclaim in a summary proceeding. In Great Park Corp. v Goldberger (supra, p 989) the court reasoned: "The primary purpose and intention of summary proceedings is the speedy and expeditious disposition of the issue as to the right of the landlord to the immediate possession of his real property. That 'time is of the essence’ is revealed not only *439 from the designation of the proceedings as summary, but from the fact that an adjournment of the trial of the issue may not be more than 10 days, 'except by consent of all the parties.’ (Real Property Actions and Proceedings Law, § 745.)”
While the courts refused to sever counterclaims in all four cases, nowhere in any of the decisions did the court say that the tenant could do more than defeat the landlords’ claim for rent. These cases do not stand for the proposition that the tenant may recover on his counterclaim in excess of the amount petitioned.
The only argument in favor of the trial of counterclaims along with the summary proceeding is that multiplicity of trials are avoided; but this is far outstripped by the desire for a speedy disposition of landlord and tenant matters. In addition, tenant’s counterclaim for damage based upon the burglary rests on both negligence and contractual grounds. Since most landlords possess liability insurance for negligence, it would be unfair to deprive them of this protection by permitting the tenant to recover on the contractual action while the negligence action has been severed.

Conclusion:

The motion to reargue is granted; and the court reaffirms its prior reasoning. However, since the previous decision was rendered, the tenant has vacated the apartment. Therefore, there is no longer a need for a "speedy disposition” of a landlord-tenant matter. This entire controversy can be best resolved by a plenary trial in the regular part of the Civil Court.