THE FIDELITY AND COLUMBIA TRUST COMPANY, as Trustee of NATHAN F. BLOCK and Others, Plaintiffs, *v.* GUSTAV S. LEVIN and Another, Defendants.

Supreme Court, Erie County, March 1, 1927.

Landlord and tenant — lease — action for declaratory judgment under Civil Practice Act, § 473, to determine respective rights of parties to lease — lease was for term from May 1, 1922, to May 1, 1927, subject to right to renew if option be accepted before May 1, 1926 — tenant sublet premises for term ending May 1, 1932, and accepted option to renew for five years on June 3, 1926 — lapse of time between sending tardy notice of renewal and its rejection by landlords did not constitute waiver — retention by landlords of request to sublet was not renewal of original lease — evidence does not warrant finding of mutual mistake in drafting lease — plaintiffs entitled to declaratory judgment in absence of adequate remedy at law — notice of renewal dated May 1, 1926, and sent June 3, 1926, did not operate to renew lease — equity will not create in this estate property right which never heretofore existed.

This is an action for a declaratory judgment, under section 473 of the Civil Practice Act, to determine in advance of the expiration of a lease the respective rights and obligations of the landlords, tenant and subtenant. Plaintiffs leased the premises for a term commencing May 1, 1922, and ending May 1, 1927, subject to the privilege of renewal for an additional five years under an " option to be accepted in writing on or before May 1, 1926, otherwise to become void." Though the premises were subsequently sublet to one of the defendants here, under a lease

for a term ending May 1, 1932, the tenant did not serve his notice on the landlords that he accepted the option to renew the original lease for a five-year term until June 3, 1926. The landlords rejected the notice, though it bore the date May 1, 1926, as not being within the time required by the original lease, .viz., on or before May 1, 1926.

The lapse of time between the sending by the tenant on June 3, 1926, of the tardy notice to renew, and the positive rejection by the landlords of the notice did not waive the landlords' right to rely on the terms of the lease.

The retention by the landlords of the tenant's request to further sublet to a corporation in which the subtenant is interested, did not constitute a renewal of the original lease, for the landlords' rejection of the tenant's tardy acceptance of the option was positive and required no further action.

A clause requiring one year's notice of the acceptance of the option prior to the date the original lease expired was reasonable, and there is nothing to warrant a finding that there was a mutual mistake in the drafting of the original lease.

The landlords are entitled to a determination by declaratory judgment, since they have no adequate remedy at law.

The court cannot find that there was anything to indicate that the landlords anticipated in 1923, when permission was was given to sublet, that the tenant would, if he desired to obtain a renewal, fail to conform to the terms of the lease. Nor would the court be justified in reforming the approval to sublet so as to make the sublease operative regardless of the failure of the tenant to renew, since it was a unilateral agreement and embodies all that the landlords were obligated to or intended to grant, and was never intended to embody any agreement upon the part of either the tenant or the subtenant, which the landlords could enforce.

The notice of renewal, dated May 1, 1926, and sent June 3, 1926, was not a legal notice within the terms of the lease, and, consequently, did not operate to renew the lease.

Equity will not relieve the defendants from " the fault, neglect, inadvertence or forfeiture " of the tenant in failing to serve in time a notice to renew the original lease, for equity recognizes no equitable principle sufficient to create, by either waiver or estoppel, a property right in the tenant which never heretofore existed.

ACTION for a declaratory judgment.

*Falk, Phillips & Schlenker* [*Edward C. Schlenker* of counsel], for the plaintiffs.

*Fleischmann & Altman* [*Simon Fleischmann* of counsel], for the defendant Levin.

*Dugan & Bookstein* [*Isadore Bookstein* of counsel], for the defendant Israel.

HINKLEY, J. This is an action in which relief is asked by means of a declaratory judgment under section 473 of the Civil Practice Act. The nature of the controversy is the type most common in that form of action, to wit, to determine in advance of the expiration of a lease the respective rights and obligations of lessors and lessees.

Plaintiffs are the owners and defendant Gustav S. Levin the tenant, and defendant David Israel the subtenant, respectively, of a store property located on Main street in the city of Buffalo,

N. Y. Judgment in this case will fix the rights of the parties and determine whether the lease and sublease shall terminate on the 1st day of May, 1927, or be extended until May 1, 1932.

Upon the trial of the action there arose no disputed questions of fact nor prospect of contrary inferences to be drawn from such undisputed facts as call for the submission by the court in its discretion to a jury of questions of fact as provided for in rule 213 of the Rules of Civil Practice.

Briefs of both parties submitted after the trial indicate that a declaratory judgment should be granted in this case at this time, under the circumstances.

Plaintiffs, as owners, on July 1, 1919, by sealed instrument, leased to defendant Levin the premises in question for a term commencing May 1, 1922, and ending on May 1, 1927. Privilege was given therein to defendant Levin to renew the lease for an additional five years at an increased rental, " said option to be accepted in writing on or before May 1, 1926, otherwise to become void."

By the stipulation of counsel in open court and by the testimony produced upon the trial, it is apparent that one Adolph Spangenthal, since deceased, who signed the lease, and later, his brother, Dr. Joseph Spangenthal, were authorized by and did act for the plaintiffs herein in the capacity of real estate agents to collect rents and perform similar incidental duties necessitated by the fact that plaintiffs, or a majority of them, were residents of a distant State. By like stipulation of counsel, in open court, and by the testimony produced upon the trial, it is apparent that the plaintiff Bernard N. Block, of Louisville, Ky., acted as the representative of the plaintiffs in the matters involved in this controversy. His acts were binding upon and ratified by the other plaintiffs and notice to him was admittedly notice to them.

Upon the signing of the lease, defendant Levin entered into possession of the premises at the commencement of the term, after making substantial permanent improvements.

By an instrument in writing, dated July 10, 1923, the plaintiffs approved of the subletting of the entire premises by the defendant Levin to the defendant Israel, " in strict accordance with the terms and provisions of the " original " lease " between plaintiffs and defendant Levin. That writing also stated: " Nothing herein contained is intended or will change, modify or alter the provisions of the lease aforesaid or the duties and obligations of Gustav S. Levin under said lease. The said Levin remaining bound in the same manner and to the same extent as if this approval had not been granted."

After the execution of such approval the defendant Israel made a lease with the defendant Levin for a term ending May 1, 1932, and entered into and still remains in possession of the premises, he having made additional substantial improvements.

The defendant Levin did not " accept in writing on or before May 1, 1926," the option to renew the original lease for the five-year extension from May 1, 1927, to May 1, 1932. Under the terms of the original lease the option to renew thereby became void, and the original lease expires May 1, 1927.

Notwithstanding the failure of the defendant Levin to fulfill the condition precedent clearly indicated in the original lease, the defendants claim that the lease has been renewed and that plaintiffs are estopped by their conduct from taking possession on May first next.

There is presented for determination the question whether the equitable powers of the court can and should be invoked to relieve the defendant Levin of his failure to perform a condition precedent, to wit, the acceptance in writing, on or before May 1, 1926, of the option to renew.

The defendants present their many claims for relief, based in general upon the following facts: At the time, in 1923, when the negotiations which resulted in the sublease to the defendant Israel were in progress, counsel for defendant Levin prepared and forwarded to the plaintiffs a form of consent to sublet. This form specified the name of the proposed subtenant Israel, and that the period of such subtenancy was to be for a term to include the renewal period of the original lease. This document was never executed. It was taken by the plaintiff Bernard N. Block to his attorney in Louisville, Ky. That attorney prepared the approval to sublet, which was executed. The approval to sublet, which was executed, conformed strictly to the terms of the original lease in that it approved as satisfactory the proposed subtenant and the specified use to which the premises were to be put. It did not in any manner indicate the length of the proposed sublease. It is dated July 10, 1923.

On June 3, 1926, the defendant Levin sent to plaintiffs a notice dated May 1, 1926, of a renewal of the option to renew the original lease for the period ending May 1, 1932. This notice was received by plaintiffs who rejected the same and gave as their reason that it was not within the time required by the original lease, to wit, on or before May 1, 1926.

Though the claims of the defendants, based upon those facts, are numerous, yet they must all, of course, be determined by the court. Such claims and their determination are as follows:

*First.* The plaintiffs were numerous and lived in Louisville, Ky., and elsewhere, and the time which elapsed between the sending, on June 3, 1926, of the tardy notice to renew by defendant Levin and its positive rejection by plaintiffs, was not an acceptance of the same.

*Second.* The retention by plaintiffs of the request to further sublet to a corporation in which the defendant Israel is interested, did not constitute a renewal of the original lease. Plaintiffs' rejection of defendant Levin's tardy acceptance of option was positive and called for no further action concerning the request to further sublet to a corporation.

*Third.* There was no mutual mistake in the drawing of the original lease. The clause requiring one year's notice of the acceptance of the option prior to the expiration date of the original lease was a reasonable one and one that might be expected under the circumstances.

*Fourth.* The plaintiffs have no remedy at law adequate to a determination by declaratory judgment.

*Fifth.* There is nothing vague, indefinite, elusive or deceptive in the approval to sublet prepared by plaintiffs' counsel. Nor can the court find that there is anything to indicate that the plaintiffs anticipated, in 1923, that the defendant Levin would, if he desired to obtain a renewal, fail to conform to the terms of the lease.

*Sixth.* The approval to sublet was a unilateral agreement. It embodies all that plaintiffs were obligated or intended to grant, and was never intended to embody any agreement upon the part of the defendant Levin or the defendant Israel which plaintiffs could enforce. The court is not, therefore, justified in reforming such approval.

*Seventh.* The notice of renewal, dated May 1, 1926, and sent June 3, 1926, was over one month beyond the definite term required by the sealed agreement of the parties. It was not a legal notice and did not operate to renew the lease.

*Eighth.* Both defendants ask that as no damage has accrued to the plaintiffs, they be relieved in equity from " the fault, neglect, inadvertence or forfeiture " of the defendant Levin in failing to serve in time the notice to renew the original lease.

The term of the original lease between plaintiffs and defendant Levin was for a definite period to expire on May 1, 1927. At the time of its execution no further or greater estate existed. The unilateral right was given to the lessee, Levin, to create a new estate for five years longer. But such new estate did not and would not come into being until the performance by the tenant Levin of that condition precedent. That condition was definitely

fixed by the sealed contract of the plaintiffs and the tenant Levin. It required that notice be given to plaintiffs by the lessee that he elected to exercise his rights of option. Such notice was required to be in writing, and time was its very essence. Until the giving of such notice the lessee alone would control the creation of the new estate. Upon the giving of the notice and not until the lessee chose so to act, the lessors acquired rights equal with those of the lessee for the extended period. That condition could not be fulfilled save in a manner to bind the lessees for the extended term.

Concededly the plaintiffs have never been in a position to hold the defendant Levin for the extended period except by the retention of the delayed notice. Even now it is not certain that plaintiff could hold defendant Levin for the extended term, for the defense of the defendant Levin to such an action could be presented even though it might be inconsistent.

Granted that the form of consent to sublet prepared by defendant Levin's counsel and forwarded to the plaintiffs contained the expression of the lessee's intent to sublet for the extended term. Yet the original lease only required that the sublessee and the character of the business to be conducted upon the premises be subject to the lessor's approval. The approval to sublet, as executed, contained only those elements, and both the original lease and the approval expressly retained in the lessee Levin the unilateral right to create a new five-year estate.

Notice to plaintiff that Levin intended to sublet for the extended term called for no action upon the part of plaintiffs. Silence upon the part of plaintiffs after such notice could not create a new estate, so long as defendant Levin never communicated to plaintiffs his intention to renew in a manner that would have bound him. Until such intention was so communicated, it cannot seriously be contended that plaintiffs by any theory of waiver could call into being an estate which they had no power to create.

At any time after the execution of such consent the lessee could have altered his intention and sublet only for the three or four years remaining of the five-year term of the original lease. At any time up until the 1st day of May, 1926, had the venture of the defendant Israel been a losing one or for any other reason, the tenant and his subtenant together could have canceled the sublease and the defendant Levin fail as he did to renew the original lease. Even now the plaintiffs have no vested right, certainly no legal one, in the extended period. This is not a case where a new tenancy has been created by occupancy of the tenant and payment of the rent to the lessor. On the contrary, when the

defendant Levin attempted to exercise an option which had ceased to exist and create an estate which he had no longer a right to create by the very contract which could give it life, the plaintiffs not only did not acquiesce, but specifically declined to make a new contract.

The defendant Levin is not seeking to prevent the forfeiture of an existing right because of a mistake or omission such as the failure to pay rent or taxes.   But he asks a court of equity to make a new contract; to perform a condition precedent that he never performed; to extend until final judgment in the action the right to defendant Levin to create an estate which even now cannot be created by the plaintiffs.

Equity is called upon to create this estate which never existed because of the willful or negligent failure of the defendant Levin to exercise a unilateral right in the manner clearly agreed upon by the contracting parties.   For whatever view we take of the testimony of the defendant Levin, it must be admitted that he failed to exercise the care of a reasonably prudent and careful person under the circumstances.   It matters not whether he failed to acquaint himself with the one-year clause in the original lease; whether he never received the warning given to his agent at the time of the signing of the sublease by the attorney for the subtenant to be sure to serve the notice; whether he relied upon the approval to sublet as a sufficient notice of something he did not know; whether he never discovered the clause until after his unilateral right to create a new estate had ceased to exist, or whether, as is not unreasonable, he delayed sending the notice after the execution of the sublease, shrewdly reasoning that if that lessee defaulted at any time prior to May 1, 1926, he might not care to be held for the extended term, and then forgot to serve the notice.   In any event, sympathy for his negligence has no more place in this determination than in the mind of a juror in the determination of that branch of litigation which occupies the majority of cases upon the court docket.

The weight of authority in New York State clearly distinguishes between an excuse of forfeiture of an existing right and the creation of a new estate which never existed by reason of the failure to perform a condition precedent.

" So, also, in case of mistake, accident, fraud or surprise, relief may be obtained in equity; but the rules stated, which are sometimes invoked to prevent injustice have no application where, as in the case at bar, the mode of determining the rights of the lessor, of his assigns, to a new lease or to payment for his building are expressly provided for, and the liability of the defendant as specified

is dependent upon the performance of conditions precedent which have not been performed.    There is no ground upon which a court of equity should intervene to relieve the lessee from the consequences of a failure or neglect to perform." (*People's Bank* v. *Mitchell*, 73 N. Y. 406, 414, 415; *Doepfner* v. *Bowers*, 55 Misc. 561; Pom. Eq. Juris. [4th ed.] §§ 455, 456.)

The authorities of sister States are not united upon the power, or lack of power, of equity to vest in certain individuals rights which never existed.    At times, perhaps, the distinction is overlooked and more often sympathy is mistaken for equity.    The distinction, however, is sufficiently grounded in this State and in common sense and logic.    The court, therefore, in this case recognizes no equitable principle sufficient to create by either waiver or estoppel a property right in the defendant Levin which never heretofore existed.

The new estate never having been created between the plaintiffs and the defendant Levin, the court cannot create that new estate either for the defendant Levin or for the benefit of the defendant Israel.

Judgment for plaintiff, with costs.