ROLAND R. JONES, Landlord, *v.* JAMES P. GIANFERANTE, Tenant.

County Court, Chenango County, February 9, 1952.

*Joe Schapiro* for landlord.

*O'Connor & O'Connor* for tenant.

BARNES, J. This is a proceeding to evict James P. Gianferante from a portion of the building now owned by Roland R. Jones. A written lease was entered into ten years ago between the person owning the building at that time and assignors of Gianferante. The lease has been twice transferred and the property has been conveyed. The lease is ambiguous as to the option of extending the lease beyond ten years and the manner of doing so. " The term of this lease shall be for ten years, commencing October 1, 1941, and ending October 1, 1951. Second party is to have the option at the expiration of this

lease to renew the said lease in the following manner: The option is to extend for an additional period of ten years and is to be exercised annually thereafter if the party so desires to continue the lease, by giving a written notice to the party of the first part on or before the first day of September of each succeeding year. The rent is to be $30.00 per month, payable on or before the first day of each month in advance."

The party of the second part has the first option to purchase the premises or to lease the remainder of the premises and he agrees not to sublet the whole or any part of the premises leased without the consent in writing of the first party, and the party of the first part is to have the first option to purchase the heating plant and partitions installed by the second party at a price to be agreed upon by the parties hereto.

A little evidence was taken in an effort to construe the meaning of the lease and the meaning of the provisions for renewing the lease, but very little was accomplished in this way.

A notice was given by the present occupant of the leased property to the present owner of the land between September 1st, and October 1st. The present owner of the land maintains the lease has terminated October 1, 1951, and the present occupant of the leased premises claims that the lease may continue perpetually.

Under these facts, I must determine what was intended by the parties from the lease itself and from the evidence which has been given. I find that the intention of the parties was to provide for a ten-year lease with the option of the tenant of renewing the lease for periods of one year ten additional times by giving notice on or before the first day of September in each of the ten additional years.

If the original owners and lessee had the right to renew then the present owners have the same right. (*507 Madison Ave. Realty Co.* v. *Martin,* 200 App. Div. 146, affd. 233 N. Y. 683.)

The remaining question is whether or not relief can be given to the tenant on account of the fact that the terms of the notice were ambiguous. I appreciate that the tenant, in reading the lease, could not be sure of the terms and the grantee of the property could not be sure. That is the reason that the hearing was had by the court. As far as I am able to discover, the exact situation where the terms were ambiguous has never been decided by the courts in any reported case. If the terms were not ambiguous, no relief could be given in equity. (*Fidelity & Columbia Trust Co.* v. *Levin,* 128 Misc. 838, affd. 221 App. Div.

786, affd. 248 N. Y. 551.) Without any authority of the higher courts showing a different rule where the renewal provisions were ambiguous, I feel compelled to follow the rule in the above case and, therefore, must grant the order of eviction.

Submit order accordingly.