Roland R. Jones, Appellant, *v.* James P. Gianferante, Tenant, Respondent. Robert J. Benedict et al., Interveners, Respondents.

Argued January 6, 1953; decided March 5, 1953.

*Joe Schapiro* for appellant. I. Tenant-respondent is not entitled to exercise any option to renew the lease. II. Option to renew was not exercised according to its terms. (*Columbus Spa* v. *Star Co.,* 216 App. Div. 218; *Elias Realty Co.* v. *Luttrell,* 120 Misc. 243; *Burns* v. *City of New York,* 213 N. Y. 516; *Fidelity & Columbia Trust Co.* v. *Levin,* 128 Misc. 838, 221 App. Div. 786, 248 N. Y. 551; *Ocumpaugh* v. *Engel,* 121 App. Div. 9; *Doepfner* v. *Bowers,* 55 Misc. 561; *Leibowitz* v. *Bickford's Lunch System,* 241 N. Y. 489.) III. Transfer of the lease is prohibited by its terms unless with consent in writing. (*New Amsterdam Cas. Co.* v. *National Union Fire Ins. Co.,* 266 N. Y. 254; *McKinley Realty & Constr. Co.* v. *Rosenblum,* 149 Misc. 730; *Warshawsky* v. *Ward,* 139 Misc. 793; *WMCA, Inc.,* v. *Blockfront Realty Corp.,* 194 Misc. 932; *Bradley* v. *General Store Equipment Corp.,* 183 Misc. 199.)

*Edward H. O'Connor, Jr.,* for tenant-respondent. I. The lease is not ambiguous and provides for a ten-year term, an option to renew for a second ten-year term to be exercised at the expiration of the first term, and annual renewals thereafter through notices given on or before each September 1st. (*Columbus Spa* v. *Star Co.,* 216 App. Div. 218; *Moskowitz* v. *Diringen,* 48 Misc. 543; *Burgener* v. *O'Halloran,* 111 Misc. 203; *Kozodoy* v. *Hindy,* 187 Misc. 34; *Hoff* v. *Royal Metal Furniture Co.,* 117 App. Div. 884, 189 N. Y. 555; *Burns* v. *City of New York,* 213 N. Y. 516.) II. The dismissal of the proceeding by the Appellate Division upon equitable principles was amply warranted as a matter both of law and of fact. (*Janks* v. *Central City Roofing Co.,* 271 App. Div. 545; *Hausauer* v. *Dahlman,* 72 Hun 607; *Fanden Realty Corp.* v. *Klauber,* 147 Misc. 564; *De Vita* v. *Pianisani,* 127 Misc. 611; *Burgener* v. *O'Halloran,* 111 Misc. 203; *Makas* v. *Makas,* 53 N. Y. S. 2d 375; *Fidelity & Columbia Trust Co.* v. *Levin,* 128 Misc. 838, 221 App. Div. 786, 248 N. Y. 551; *New York Life Ins. & Trust Co.* v. *Rector of St. George's Church,* 64 How. Prac. 511; *Matter of Topp,* 81 N. Y. S. 2d 344; *Fountain* v. *Stein,* 97 Conn. 619.) III. The transfers from the original lessee to interveners, and from the latter to tenant, were assignments which carried with them the option privilege. Accordingly, this privilege belonged to tenant at the time he exercised the option. (*New Amsterdam Cas. Co.* v. *National*

*Union Fire Ins. Co.,* 266 N. Y. 254; *Bradley* v. *General Store Equipment Corp.,* 183 Misc. 199, 268 App. Div. 852; *WMCA, Inc.,* v. *Blockfront Realty Corp.,* 194 Misc. 932, 272 App. Div. 800; *McKinley Realty & Constr. Co.* v. *Rosenblum,* 149 Misc. 730.)

*N. Earle Evans, Jr.,* for interveners-respondents. I. The notice of renewal given by tenant was timely in that it complied with the express terms of the renewal clause. II. Tenant gave sufficient notice according to his understanding of the renewal language. Accordingly, as the Appellate Division held, there should not be a forfeiture of the lease for failure to comply with terms not apparent to him. (*Foster* v. *Mulcahey,* 196 App. Div. 814; *New York Life Ins. & Trust Co.* v. *Rector of St. George's Church,* 64 How. Prac. 511; *Matter of Topp,* 81 N. Y. S. 2d 344.) III. Tenant had the right to exercise the option to renew because the lease, together with the option, had been fully conveyed through absolute assignments from the original lessee to interveners and from the latter to him. IV. If there were any doubt as to interpretation, tenant should have been allowed to show the intention of the parties by all of the objective indications — circumstances and acts — as well as conversations. (*Middleworth* v. *Ordway,* 191 N. Y. 404; *Garvin Mach. Co.* v. *Hammond Typewriter Co.,* 12 App. Div. 294, 159 N .Y. 539.)

DESMOND, J. In this summary proceeding (Civ. Prac. Act, art. 83), brought in October, 1951, by the landlord (appellant here) to recover possession of premises used by the tenant (respondent here) in his bowling alley business, the question is: Did the Appellate Division err in excusing, on the ground of an honest mistake by the tenant, and absence of prejudice to the landlord, the tenant's delay in serving a notice of intention to exercise an option to renew the lease? Respondent had, in September, 1950, become the tenant by assignment of a lease made, by this landlord's predecessor in title, on October 20, 1941, which contained this language: " The term of this lease shall be for ten years, commencing October 1, 1941, and ending October 1, 1951. Second party is to have the option at the expiration of this lease to renew the said lease in the following

manner: The option is to extend for an additional period of ten years and is to be exercised annually thereafter if the party of the second part so desires to continue the lease, by giving a written notice to the party of the first part on or before the first day of September of each succeeding year."

On September 6, 1951, at a time when the tenant had done nothing toward exercising the option to renew, the landlord wrote the tenant a letter, notifying the latter that the landlord wanted possession on October 1, 1951, that is, on the date of the expiration of the original term. One week later, on September 13, 1951, the tenant served on the landlord a paper, in which the former gave notice that he intended to exercise, for a further period of ten years, his renewal option. The landlord, claiming that the time to exercise the privilege had expired on September 1, 1951, refused to agree to the renewal, and this proceeding was begun, in the County Court, on October 6, 1951.

As both courts below held, the above-quoted clause is ambiguous. The County Court, however, thought that, since, as it held, the notice had not been given on the law day, nothing could be done by way of relief for the tenant. The Appellate Division, however, reversed and dismissed the proceeding. It pointed out that there was confusion in the lease language, as to whether or not a written notice was necessary to effecuate a *first* renewal after the end of the original term. As facts, it found that the tenant had intended to accomplish a renewal, that his failure to notify the landlord was the result of an honest mistake, that the landlord suffered no damage by the brief delay, and that to evict the tenant would cause the tenant much hardship, because of his investment in the business, etc. Citing *New York Life Ins. & Trust Co.* v. *Rector of St. George's Church* (64 How. Prac. 511), and *Matter of Topp* (81 N. Y. S. 2d 344), the Appellate Division gave the tenant the benefit of the rule or practice in equity which relieves against such forfeitures of valuable lease terms when default in notice has not prejudiced the landlord, and has resulted from an honest mistake, or similar excusable fault. We do not doubt that such a rule exists and that it was appropriately made use of here (see *Reed* v. *St. John*, 2 Daly 213, 217; 1 McAdam on Landlord and Tenant [5th ed.], p. 721; 2 Pomeroy, Equity Jurisprudence

[5th ed.], § 453b; *Fountain Co.* v. *Stein*, 97 Conn. 619). The County Court's opinion here cited *Fidelity & Columbia Trust Co.* v. *Levin* (128 Misc. 838, affd. 221 App. Div. 786, affd. 248 N. Y. 551), but in that lease there was no ambiguity. The tenant there put forward various reasons why, as he thought, the tardy notice was, nonetheless, effective. Apparently, there was no ground for giving equitable relief to the tenant, and, in any event, none was given, but the Special Term opinion in that very case recognized the existence of the rule that, " ' in case of mistake, accident, fraud or surprise, relief may be obtained in equity ' " (see 128 Misc., p. 844). We note, in passing, that section 1425 of the Civil Practice Act specifically authorizes the use of equitable defenses in such landlord-tenant proceedings.

The Appellate Division, in dismissing the proceeding, gave expression to its own construction of the ambiguous renewal clause, above quoted. We neither approve nor disapprove that construction. This summary proceeding under article 83 of the Civil Practice Act is of purely possessory character, and the only issue before the court was as to the right of possession, as of October 5, 1951 (see *Quinn* v. *Quinn*, 46 App. Div. 241, 243; *Hoffman* v. *Hoffman*, 212 App. Div. 531, 534; *Matter of Gladstone* v. *Drew*, 257 App. Div. 696, 697; *Nemetty* v. *Naylor*, 100 N. Y. 562, 566). A proceeding like this one cannot validly produce a declaratory judgment as to the rights of the parties as of times subsequent to its commencement, so we are deliberately leaving undecided any such dispute which may since have arisen, or may arise hereafter, and the settlement of which dispute might require a complete and definitive construction of the lease provision as to renewal.

The order should be affirmed, with costs.

LOUGHRAN, Ch J., LEWIS, CONWAY, DYE and FULD, JJ., concur with DESMOND, J.; FROESSEL, J., concurs in the result.

Order affirmed.