SY JACK REALTY CO., Respondent, v. PERGAMENT SYOSSET CORP., Appellant.— In an action commenced by the filing of a submission of a controversy under CPLR 3222, defendant appeals from a judgment of the Supreme Court, Nassau County, entered October 30, 1969, in favor of plaintiff. Judgment reversed, on the law, with costs, and judgment granted in favor of defendant declaring that defendant is entitled to occupy the leased premises for the period of five years, beginning July 1, 1969, subject to the provisions of the lease between the parties dated June 25, 1964. In June, 1964, plaintiff's predecessors as landlords leased to defendant a store and other premises for a term commencing July 1, 1964 and ending June 30, 1969. With respect to defendant's exercise of an option to renew for an additional five-year term, the lease provided " that such option (sic) to renew for said additional period be given by the Tenant to the Landlord herein in writing on or before March 31, 1969 ". On March 28, 1969, defendant mailed a letter to plaintiff notifying it that defendant was exercising its option to renew. Plaintiff, however, did not receive the letter. By letter dated May 5, 1969, plaintiff informed defendant that it (plaintiff) wanted to place " For Rent " signs in the window of the leased premises and show the premises to prospective tenants. By letter dated May 6, 1969, defendant sent to plaintiff a copy of its March 28th letter, whereupon by letter dated May 7, 1969, plaintiff rejected defendant's exercise of its option. In our opinion, we need not construe the lease's language concerning the option to renew; nor need we decide whether defendant's mailing of its renewal notice complied with that language for, whatever might be held with respect to those matters, defendant is entitled to equitable relief. The parties' submission shows that defendant had decided to exercise its option, that plaintiff would have received timely, actual notice of defendant's decision had defendant's letter been received, and that plaintiff had not been prejudiced by its late receipt of defendant's renewal notice. Under such circumstances equity will prevent defendant's forfeiture of the terms of its lease (Jones v. Gianferante, 305 N. Y. 135; Rizzo v. Morrison Motors, 29 A D 2d 912). Hopkins, Munder and Martuscello, JJ., concur; Christ, P. J., dissents and votes to affirm the judgment, with the following memorandum, in which Rabin, J., concurs: In my view of the facts, the rights of the parties herein depend exclusively upon proper construction of the language of the option to renew the lease. The option clause specifically provides that notice of renewal must be given in writing to the landlord on or before March 31, 1969. Concededly, actual, timely notice was never received by plaintiff landlord. Hence, defendant tenant did not effectively exercise its option in accordance with the terms of its lease; and plaintiff is entitled to possession of the premises, whether or not it was prejudiced by the delay (see Fidelity & Columbia Trust Co. v. Levin, 128 Misc. 838, affd. 221 App. Div. 786, affd. 248 N. Y. 551). The cases relied upon by the majority to justify equitable relief in defendant's favor are inapposite. In each of them, the tenant's delay in giving the required notice of renewal was attributable to an honest mistake or similar fault occasioned by some

ambiguity in the language employed in the lease's renewal clause. However, in the case at bar, the language of the renewal clause is clear and unambiguous. The failure to give actual notice to the landlord on or before the stipulated day resulted not from any uncertainty as to when such notice was due but rather from the risks inherent in transmission of the notice by ordinary mail, risks which defendant must be held to have assumed. Sympathy for defendant's alleged plight cannot change the fact that its default is not of the type which entitles it to equitable relief under the established case law (see *Jones* v. *Gianferante*, 305 N. Y. 135, 139; *Mico Mgt. Corp.* v. *Scaraggi*, 59 Misc 2d 984).