Chief Judge Fuld.
The controversy having been submitted pursuant to CPLR 3222, the facts are not in dispute. The defendant Pergament Syosset Corp., a retailer, has occupied the store in which it conducts its business for more than 15 years. The premises had been rented from the plaintiff under a lease which expired in June of 1969. The defendant had an option to renew for five additional years provided that notice of exercise of that option ‘ ‘ be given ’ ’ to the plaintiff landlord “ in writing on or before March 31, 1969 ”. Accordingly, intent on renewing the lease, the defendant, on March 28, mailed a letter to the plaintiff in which it made known its desire. The letter, however, was never delivered. Significantly, though, the plaintiff took no action whatsoever until May 5. On that day, it dispatched a letter to the defendant requesting permission to put up or post signs indicating that the store was ‘ ‘ For Rent ”. On the very next day (May 6) —still about two months before the expiration of the lease — the defendant advised the plaintiff, also by mail, that it had previously sent a letter exercising its option and enclosed a copy of its March 28 com *452 munication. The plaintiff replied, stating that the renewal was rejected as untimely.
We agree with the plaintiff that notice, when required to be ‘'given ” by a certain date, is insufficient and ineffectual if not received within the time specified. (See, e.g., Peabody v. Satterlee, 166 N. Y. 174; Kantrowitz v. Dairymen’s League Co-op. Assn., 272 App. Div. 470, affd. 297 N. Y. 991; Boyce v. National Commercial Bank & Trust Co., 41 Misc 2d 1071, affd. 22 A D 2d 848; see, also, Restatement, Second, Contracts [Tent. Draft No. 1, 1964], § 64, subd. [b]; 1A Corbin, Contracts [1963], § 264; 1 Williston, Contracts [3d ed., 1957], § 87.) However, in view of the fact that the plaintiff had actually received notice before it took any steps to find another tenant or to lease the space, the Appellate Division was fully warranted in holding for the defendant by applying the principle that a tenant should be relieved of its default when its failure to give the requisite timely notice of renewal of its lease — or to perform some other condition precedent to renewal—has neither harmed nor prejudiced the landlord and was not due to bad faith. (See Jones v. Gianferante, 305 N. Y. 135; Rizzo v. Morrison Motors, 29 A D 2d 912; Ringelheim v. Karsch, 112 N. Y. S. 2d 130; Application of Topp, 81 N. Y. S. 2d 344; see, also, 1 Corbin, Contracts [1963], § 35, p. 146; MacNeil, Time of Acceptance, 112 U. Pa. L. Rev. 947, 975; 1 Rasch, New York Law of Landlord and Tenant and Summary Proceedings [1950], 1970 Supp., § 210, p. 116; 1 Williston, Contracts [3d ed., 1957], § 76, p. 249, n.) In the Jones case (305 N. Y. 135, supra), there was some question whether the tenant was required, by the lease, to give notice of exercise of his option. The court, though, elected not to decide that issue, choosing instead to hold that, even if notice had been required, the Appellate Division properly exercised its discretion in giving the tenant ‘ ‘ the benefit of the rule or practice in equity which relieves against * * * forfeitures of valuable lease terms when default in notice has not prejudiced the landlord, and has resulted from an honest mistake, or similar excusable fault ” (305 N. Y., at p. 138).[1]
*453 In the present case, too, the Appellate Division was justified in invoking that rule. Since a long-standing location for a retail business is an important part of the good will of that enterprise, the tenant stands to lose a substantial and valuable asset. Moreover, as is conceded, the landlord did not suffer any damage or prejudice because of the delay resulting from the nondelivery of the defendant’s letter. It is important to bear in mind that the difficulty in which the defendant finds itself is not owing to any willful or deliberate act or omission on its part. Its plight stems solely from the Post Office’s failure to deliver its letter which, in normal course, would have been received in ample time to effect the renewal. If reliance on the mails could possibly be characterized as fault, it is “ excusable fault” (Jones v. Gianferante, 305 N. Y. 135, 138, supra) and should not operate to deprive the defendant of a valuable asset.
Not alone authority but a sense of justice and fairness support the decision that the defendant should be deemed to have exercised his option to renew.
The order appealed from should be affirmed, with costs.

. Williston and the other commentators — to whom we have already referred — are even more explicit. This is what Williston has written about the matter (Contracts, vol. 1, § 76, p. 249, n.):
“ where an option is contained in a lease or other contract involving *453 an estate in land, some courts of equity, especially in recent years, have tended to view the offer as not automatically lapsing on expiration of the option period, as for instance, in ease of renewal of a long term lease, where to do so would involve substantial forfeiture and the lessor has not materially changed his position in reliance on the optionee’s failure to exercise his option within the stated time.”