Jasen, J. (dissenting).
I dissent and vote to reverse.
In this landlord-tenant dispute, submitted to the court upon an agreed statement of facts, we are asked to decide whether the tenant effectively exercised an option to renew a lease for an additional five-year term.
The lease provides that the tenant shall have the option to renew for an additional period of five years, ‘‘provided * * * that such option to renew * * * be given by the Tenant to the Landlord herein in writing on or before March 31, 1969 ” (emphasis added).
In order to effectively renew the lease, the tenant was required, as a condition precedent, to give written notice of the exercise of option to the landlord on or before March 31, 1969. No rights to a renewal of the lease would come into being until the tenant performed such condition precedent. (Fidelity & *454 Columbia Trust Co. v. Levin, 128 Misc. 838, affd. 221 App. Div. 786, affd. 248 N. Y. 551; Application of Topp, 81 N. Y. S. 2d 344; Ocumpaugh v. Engel, 121 App. Div. 9.)
Of importance here is that the term of the lease between the parties was for a definite five-year period, to expire on June 30, 1969. At the time the lease was executed, no further or greater estate existed. However, the unilateral right to create a new estate for five additional years, by properly exercising the option to renew, was given to the tenant. But such new estate did not, and would not, come into being until the performance by the tenant of the condition precedent—exercising his option to renew within the time specified in the lease.
To be sure, conditions precedent, like any other terms of a contract, may be obviated by estoppel, waiver, abandonment, fraud, rescission or valid modification. (Restatement, Contracts, §§ 294-304.) But, there is no claim such an issue exists in this case.
The tenant concedes that the landlord did not receive the notice “ on or before March 31,1969 ”, but argues that the mere mailing of the notice within the period specified constituted full performance of its obligation to give notice.
Such an argument is clearly not supportable. The rule of law applicable to the situation before us has been well settled, not only in our State, but in many other jurisdictions. The rule is that where a contract requires notice be given before a certain date, but does not specify the means by which notice is to be given, the mere mailing of the notice is not sufficient unless it is received within the time specified. (Boyce v. National Commercial Bank & Trust Co., 41 Misc 2d 1071, affd. 22 A D 2d 848; Sasmor v.. Vivaudou, Inc., 200 Misc. 1020; 1 Williston, Contracts, § 87, p. 281; 1A Corbin, Contracts, § 264; 66 C. J. S., Notice, § 18, p. 663.) And as observed in the Restatement, Second, Contracts (Tent. Draft No. 1, § 64, subd. [b], p. 271): “Option contracts are commonly subject to a definite time limit, and the usual understanding is that the notification that the option has been exercised must be received by the offerer before that time. * * * [T]he offeree takes the risk of loss or delay in the transmission of the acceptance (Emphasis added.)
*455 Since actual receipt of notice was required, and concededly such notice was not received by the landlord within the time specified in the lease, the option was not properly exercised by the tenant. (See Scott-Burr Stores Corp. v. Wilcox, 194 F. 2d 989, 990-991 [5th Cir.]; Wheeler v. McStay, 160 Iowa 745, 749-750; Starr v. Holck, 318 Mich. 452, 457; Hoban v. Hudson, 129 Minn. 335, 338-339.)
Of course, equitable relief may be invoked to relieve a tenant of its default where the facts and circumstances warrant same. But, I do not agree with the majority that equity should intervene under the stipulated facts in this case.
It is well established that equitable relief should be granted only as a matter of sound judicial discretion. As Mr. Justice Story stated in his treatise, Equity Jurisprudence (1st ed., vol. 2, § 742): “ [Equitable relief] is not a matter of right in either party; but is a matter of discretion in the Court: not of arbitrary or capricious discretion, dependent upon the mere pleasure of the Judge, but of that sound and reasonable discretion, which governs itself, as far as it may, by general rules and principles ’ ’.
In the leading case of Jones v. Gianferante (305 N. Y. 135, 138), we recognized the existence of the rule “ in equity which relieves against such forfeitures of valuable lease terms when default in notice has not prejudiced the landlord, and has resulted from an honest mistake, or similar excusable fault.” In order to invoke the relief authorized in J ones, it is incumbent upon the party to establish that (1) there was an honest mistake or similar excusable fault; (2) by the tenant, and (3) no damage to the landlord. It should be noted that in J ones there was an ambiguity in the lease, and that the failure of the tenant to exercise his option resulted from this ambiguity. The existence of an ambiguity, however, was not the controlling factor. Bather, it was one of the circumstances considered in determining whether equitable relief would be invoked. Nor is the fact that the landlord suffered no harm, in and of itself, the determinant factor.
There must be, as stated in J ones, in addition to lack of harm or prejudice to the landlord, “ an honest mistake, or similar excusable fault ”.
*456 I cannot agree with the majority’s conclusion that the tenant’s default in notice is an “ excusable fault” merely because of “ the Post Office’s failure to deliver its letter
The tenant was not bound to use the mail to transmit the notice of removal, but in selecting this means of communication, assumed the risk inherent therein. Certainly this is not the kind of “ excusable fault ” to which one is entitled to equitable relief. (See 1 McAdam, Landlord and Tenant, § 156, and cases cited therein; 2 Pomeroy, Equity Jurisprudence [5th ed.], § 453-b; Bluthenthal v. Atkinson, 93 Ark. 252; McGrory Stores Corp. v. Goldberg, 95 N. J. Eq. 152.)
Moreover, the tenant’s default in notice cannot be considered an accident, since this “ accident ” was avoidable. The tenant could have delivered the notice through one of its officers or a messenger service.
To hold that equity will intervene when a tenant mails his notice of renewal, regardless of whether or not the landlord actually receives it, so long as the landlord is not harmed thereby, fails to take into account the likely effects of such a holding. Not only would the precise terms of the lease be avoided, leading to endless litigation, but also innumerable schemes of fraud could be invoked. In transactions, such as the renewal of a valuable lease, the results would be chaotic in the commercial world. (Cf. Seagirt Realty Corp. v. Chazanof, 13 N Y 2d 282.)
In sum, then, it is my conclusion that the court should hold both parties to the clear and unambiguous terms of the lease agreement and apply the standards of equitable relief as set forth in Jones v. Gianferante (supra).[1] To do otherwise, seriously undermines a long-settled rule of law intended to protect parties to a contract from dishonest or afterthought claims.
*457 In 1858, an English Judge, dealing with the exercise of sound judicial discretion, opined very aptly: “ It is most important that the profession, and those who have to advise in reference to this subject, should understand the rule which is adopted in this and the other Courts, which is, that the discretion of the Court must be exercised according to fixed and settled rules; you cannot exercise a discretion by merely considering what, as between the parties, would be fair to be done; what one person may consider fair, another person may consider very unfair; you must have some settled rule and principle upon which to determine how the discretion is to be exercised.” (Haywood v. Cope, 25 Beav. 140, 151.)
Judges Burke, Scileppi, Bergan and Gibson concur with Chief Judge Fuld ; Judge Jasen dissents and votes to reverse in a separate opinion in which Judge Breitel concurs.
Order affirmed.

. The footnote of Williston referred to by the majority is not indicative of his views as to the propriety of equitable intervention. .Rather, it is merely a summary of the holdings of three of these cases — two from Connecticut and one from West Virginia. An analysis of these cases clearly shows that they involve factual situations which obviously warranted equitable relief. For not only in those cases was there “ excusable fault,” but also in each one the tenant had made substantial improvements, a factor not present in the instant case. Thus, on the undisputed facts of this case, I do not believe that the statement can be considered in support of the majority’s position.