Simon J. Libbowitz, J.
This is a consolidated action involving (1) ah action for declaratory judgment by a tenant se$c *99 ing judgment declaring basically that the subject lease was effectively renewed so as to entitle tenant to remain in possession and (2) a holdover proceeding by the tenant’s landlords (hereinafter referred to collectively as the “landlord”), in which the following motions are presented for determination: Motion by the landlord for judgment dismissing, upon the ground that a defense is not stated (CPLR 3211, subd. [b]), the first defense in the amended answer to the landlord’s petition, which alleges that a motion to consolidate the declaratory judgment action and the summary proceeding was pending; dismissing, on the ground that they have no merit (CPLR 3211, subd. [b]) the tenant’s second defense which alleges that the tenant had an option to renew without the need to give notice to the landlord and that the lease was effectively renewed, and the sixth defense which alleges that tenant’s tender of the rent to the landlord, covering the period after expiration of the original lease, was accepted and not returned. Landlord moves, in addition, for summary judgment in his favor in both the action for á declaratory judgment and in the summary proceeding (CPLR 3211, subd. [c]).
The tenant cross-moves for an order pursuant to CPLR 3211 (subd. [a], par. 2) dismissing the petition in the holdover proceeding on the ground that the court lacks jurisdiction of the subject matter of the action, and for an order pursuant to CPLR 3212 granting summary judgment in his favor, both as to the action for declaratory judgment and the summary proceeding.
The basic facts are undisputed. .The tenant, a physician, has occupied, as a medical office, the basement apartment in a house located on Jamaica Avenue in the Borough of Brooklyn, under a written lease dated January 8, 1963, which the tenant entered into with the landlord’s predecessor in title, for a term of 10 years commencing January 8, 1963 and expiring on January 8, 1973. The lease, a standard form of apartment lease, contains no printed provision giving a right to renew the lease. However, a typewritten clause, paragraph “ 23rd ”, provides that “ the terms of this lease are renewable at the option of the tenant.”
In the early part of 1972, discussions were had between the landlord and the tenant concerning an increase in rent upon a renewal of the lease, but no understanding or agreement was reached on this score.
On September 23,1972, the attorney for the tenant wrote the landlord that the tenant was thereby exercising his option to *100 renew the terms of the lease, and offered, in the language of the letter, to discuss the landlord’s “ hope that the future lease terms might be amended”. On October 3, 1972, the tenant’s attorney again wrote to the landlord, a letter delivered by certified mail, return receipt requested, and receipt of which has been acknowledged by the landlord, informing the landlord that a response to the letter of September 23 had not been received and once again informing the landlord that the tenant thereby exercised his option to renew the terms of the lease. The landlord did not respond to either letter.
On January 1, 1973, the tenant, remaining in possession of the demised premises, tendered by mail the payment of rent for the month of January, 1973. The landlord’s attorney returned the check to the tenant together with an accompanying letter dated January 8, 1973, in which he stated that the check was being returned on the ground that the lease expired on January 8, 1973, “ and the landlord does not wish to extend your occupancy ’ ’. The letter then concluded as follows: “ Please make immediate arrangements to remove from the premises.”
The dispute in this case focuses on the basic issue of whether the tenant’s option to renew, as provided in paragraph 23rd of the lease, was effectively exercised by the tenant.
It is the court’s conclusion that the undisputed facts and the documentary evidence submitted on the instant motions clearly entitled tenant to summary judgment declaring that the lease was effectively renewed.
It is true that authority exists for the proposition that where a lease provides that a notice of renewal by the tenant is to be given in writing, such a written notice must be signed by the tenant himself, and a notice signed by the tenant’s attorney or anyone else purporting to act on behalf of the tenant is not sufficient to effect a renewal. However, the landlord’s contention that the terms of the lease in the case at bar required notice of renewal to be in writing (and that, therefore, any such written notice had to bear the tenant’s signature), finds no support in the language of those paragraphs of the lease, namely, paragraphs 10th, 14th and 19th, on which landlord places reliance.
Tenant’s election to renew the lease cannot reasonably be construed as a “modification” of any provision of the lease or as a “cancellation or surrender” of the lease within the purview of paragraph 10th which requires such a .modification,cancellation or surrender to be in writing and signed T?y the *101 parties. Paragraph 14th requiring that “ Any notice by either party to the other shall be in writing ’ ’ is not, of course, applicable where, as here, the lease contains no provision prescribing the giving of notice in the event the tenant exercises the option to renew. Paragraph 19th of the lease reads as follows: “ Neither party has made any representation or promise, except as contained herein, or in some further writing signed by the party making such representation or promise.” This provision, as the sense of the language employed plainly imports, has reference to any promise which either party has made as of the time of execution of the lease and therefore cannot be deemed to be referring to any future promises; hence, even if it is assumed that the tenant’s election to renew the lease can be construed as a promise on the part of the tenant, it was not such a promise as falls within the language of paragraph 19th.
Where, as here, no particular method for exercising the right to renew is prescribed in a lease, a tenant is free to adopt any reasonable method to indicate to the landlord his election to renew (Foster v. Mulcahey, 196 App. Div. 814). He may, in such case, manifest his election to renew either orally or in writing, or his continuance in possession after expiration of the lease may properly be deemed a valid exercise of his election to renew (see 34 N. Y. Jur., Landlord and Tenant, § 419, and cases cited; see, also, Rasch, New York Landlord & Tenant [2d ed.], § 333). In the case at bar, it was clearly brought home to the landlord that the tenant was electing to exercise his option of renewal; not only was the landlord notified orally by the tenant and through written notice given by the tenant’s attorney, that the tenant was exercising his option to renew, but the tenant also remained in possession after expiration of the original lease and tendered payment of the rent for the period subsequent to the expiration date.
Assuming arguendo, that there may be some ambiguity in the language of the lease as to whether written notice by the tenant was required for the renewal to take effect, any such ambiguity is to be resolved favorably to the tenant and strictly against the landlord, whose predecessor in title presumably was responsible for preparation of the lease (Rizzo v. Morrison Motors, 29 A D 2d 912).
There is no suggestion in the case at bar of any extrinsic proofs which would support a construction of the lease requiring written notice by the tenant, such as is claimed by the landlord.
In these circumstances, a tenant will be afforded relief against forfeiture of a valuable lease interest where his failure strictly *102 to comply with the requirements for effecting a renewal of the lease is due to an honest mistake or similar excusable fault caused by any ambiguity in the language of the applicable provisions of the lease, and where such failure has not prejudiced the landlord (Jones v. Gianferante, 305 N. Y. 135; Rizzo v. Morrison Motors, supra; Ringelheim v. Karsch, 112 N. Y. S. 2d 130; Matter of Topp, 81 N. Y. S. 2d 344). As stated in Sy Jack Realty Co. v. Pergament Syosset Corp. (27 N Y 2d 449), at page 452, “ a tenant should be relieved of its default when its failure to give the requisite timely notice of renewal of its lease — or to perform some other condition precedent to renewal — has neither harmed nor prejudiced the landlord and was not due to bad faith ”. (Emphasis supplied.)
Since it is the court’s determination that the option to renew was effectively exercised and that the lease has been duly renewed, the summary proceeding, viewed as a holdover proceeding, cannot be successfully maintained. Nor is the landlord helped by the allegation in the petition that a “ Certificate of occupancy issued by the Bureau of Buildings, Bureau of Brooklyn on July 3, 1930 bearing number 60958, has been violated by the respondent [tenant] who no longer occupies first floor apartment as required by said certificate of occupancy.” It nowhere appears that any such alleged violation affects health, safety or welfare. The lease itself is not void for illegality merely because use of part of the premises is not authorized under the existing certificate of occupancy (56-70 58th St. Holding Corp. v. Fedders-Quigan Corp., 5 N Y 2d 557; see Rasch, New York Landlord & Tenant [2d ed.], §§ 28, 29).
The motions before the court are accordingly determined as follows: Landlord’s motion for summary judgfnent is denied. So much of the landlord’s motion as is directed at certain of the defenses in the tenant’s amended answer to the petition is denied as academic in view of the disposition herein below made as to tenant’s cross motion. Tenant’s cross motion for summary judgment is granted as to his cause of action for declaratory judgment to the extent of declaring that the terms of the subject lease have been duly renewed for a further period of 10 years commencing January 8, 1973; but the motion is denied as to any other relief prayed for under said cause of action in the complaint. So much of the tenant’s cross motion as seeks summary judgment in the summary proceeding is granted and the petition is dismissed. The tenant’s cross motion is in all other respects denied.