■ EVA DONUT SHOP, INC., Appellant, v FRANK PACE et al., Respondents.—In an action for a judgment declaring that the plaintiff tenant properly exercised its option to renew its business lease, the appeal is from a judgment of the Supreme Court, Queens County (misdescribed in the caption as a judgment of the Supreme Court, Suffolk County), entered March 25, 1976, which, after a nonjury trial, declared that the option had not been properly exercised. Judgment reversed, on the law and the facts, with costs, and it is declared that plaintiff properly exercised the option to renew the lease. In December, 1973 plaintiff purchased a doughnut shop from Hillside Donuts, Inc. With defendant's consent, Hillside assigned its rights under the lease covering the premises to plaintiff. The lease contained a clause which provided: "6.—Tenant, its successors and assigns, shall have the right and option to extend this lease for an additional period of five (5) years commencing on July 1, 1974 and ending on June 30, 1979, upon the same terms, covenants and conditions as herein provided with the exception that the monthly rental during such first option period shall be Five Hundred and Twenty-five Dollars ($525.00) per month, payable in advance, on the first day of each and every month during said period. Such option to extend may be exercised by giving written notice to Landlord by Registered Mail of such exercise of such option on or before March 1st, 1974." At the time of the purchase, the attorney representing Hillside informed plaintiff that defendant had been told that the option was being exercised. Plaintiff failed to give written notice to the landlord by March 1, 1974. By letter dated April 15, 1974, defendant informed plaintiff that the option had not been properly exercised, and offered to allow plaintiff to remain as a "month to month" tenant at a higher rental than that contained in the option clause. By letter dated May 6, 1974, plaintiff informed defendant that it was exercising the option. When defendant refused to accept plaintiff's attempted renewal of the lease, plaintiff initiated the present action. Under the special circumstances here present, the tenant may be excused from its failure to timely exercise the option (see *Sy Jack Realty Co. v Pergament Syosset Corp.,* 27 NY2d 449; *Jones v Gianferante,* 305 NY 135). A reversal is therefore required. Hopkins, Acting P. J., Cohalan, Damiani, Shapiro and Titone, JJ., concur.