OPINION OF THE COURT
Ira Gammerman, J.
In this holdover summary proceeding petitioner landlord seeks possession of premises located at 845 Third Avenue, New York City, on the grounds that an option to renew the lease was not timely exercised by respondent tenant.
The parties entered into a sublease agreement in May, 1977 for a period of three years expiring June 30, 1980 with an option to renew for an additional period to April 30, 1983. The option to renew was to be exercised in writing on or before April 1, 1980.
The parties had several conversations beginning in October, 1979 in which petitioner indicated its desire to recapture the premises and respondent agreed to relocate if the new space provided by petitioner was comparable and would not require additional rent. There is no question that these discussions were held on the assumption of both parties that respondent would remain in the premises until April 30,1983. Neither party gave any thought to the lease provision requiring written exercise of the option prior to April 2, 1980. These discussions continued to June, 1980. *654 Alternate space was shown to respondent but was not acceptable. At that time, petitioner discovered that the lease required written exercise of the option, that the time for such exercise had passed and advised respondent that it must vacate the premises by June 30, 1980. Respondent immediately notified petitioner that it was now confirming in writing its exercise of the option to renew.
It is respondent’s position that the conversations between the parties during the months prior to June, 1980 indicated both an intention by respondent to exercise the option and an acknowledgment by petitioner of such intention. Petitioner agrees that it assumed respondent was going to remain in the premises. It maintains, however, that there were no specific discussions between the parties relating to renewal until June, 1980, 70 days after the date to exercise the option had passed.
The issue to be resolved, therefore, is whether the failure of respondent to timely exercise his option to extend the lease results in forfeiture of the leasehold. The court finds that it does not.
Older cases in New York generally held that when an option to renew a lease required written notice of its exercise, it constituted a condition precedent which had to be complied with within the stated time period. Failure to do so was held to extinguish the tenant’s option and the courts regarded themselves as powerless to create an estate for the tenant. The courts distinguished between a condition precedent where no title vested and a condition subsequent, where the estate had vested and failure of the condition resulted in defeasance. It was held that in the latter situation a court of equity could intervene and prevent forfeiture. (See Rasch, New York Law of Landlord and Tenant, Summary Proceedings [2d ed], § 330; Fidelity & Columbia Trust Co. v Levin, 128 Misc 838, affd 221 App Div 786, affd 248 NY 551; Doepfner v Bowers, 55 Misc 561.)
More recent cases, however, disregard the distinction between conditions subsequent and conditions precedent and created new guidelines. The minimum requirements which will excuse a tenant’s failure to exercise an option within the time required are that the failure was the result *655 of honest mistake, the landlord suffered no damage from the delay and that to evict the tenant would cause much hardship. (See Jones v Gianferante, 305 NY 135, and its progeny.) Thus such “honest mistakes” as nondelivery by mail service of the renewal notice (Sy Jack Realty Co. v Pergament Syosset Corp., 27 NY2d 449); oral confirmation of renewal followed by late mailing (Matter of Topp, 81 NYS2d 344); misplaced reliance on third parties (Eva Donut Shop v Pace, 54 AD2d 575); and ambiguity in the terms of the lease regarding renewal requirements (Jones v Gianferante, supra) have all been viewed as excusable defaults. Even negligent failure to exercise an option within the time required can be excused. (See J.N.A. Realty Corp. v Cross Bay Chelsea, 42 NY2d 392.)
In the instant case, the failure of respondent to make a timely exercise of the option was certainly the result of an “honest mistake” of both parties. Petitioner, which was, at all times, acting on the assumption that respondent would remain in the premises until April 30, 1983, can hardly claim to be prejudiced by the late exercise of the option.
Although respondent’s investment in the premises is limited to a telephone system, its leasehold is a valuable one. Escalating commercial rental rates in Manhattan make almost any leasehold commencing in 1977 valuable in 1980. This is particularly true when the leasehold can be extended for almost three years without a substantial increase in rent. It is the view of this court that the cost of relocating created by rising rents creates a forfeiture even in the absence of substantial improvement. Such forfeiture should not be suffered by the tenant under the facts of this case. The petition is, therefore, dismissed.