Jones, J.
(dissenting). The record reveals that tenant took possession of the premises, a bar, in June, 1970 as assignee of a lease that was to expire on May 31, 1975. In November, 1970, tenant and the company that then owned the premises executed a rider in which the owner agreed to extend the lease for a period of four years at a rental rate of *412 $375 per month. The rider further provided that the owner agreed to grant tenant an option to extend the lease for an additional five years commencing June 1, 1979 at a rental of $400 per month. The agreement did not provide that tenant was required to notify landlord of his election to exercise this option. On December 22, 1978 the present landlord purchased the premises.
Prior to June 1,1979, tenant gave no written notice of its election to exercise the option. After June 1, 1979, tenant remained in the premises. Landlord continued to demand and tenant continued to pay monthly rent of $375 through October, 1980. After service of a 30-day notice terminating the alleged month-to-month tenancy, landlord commenced the subject holdover proceeding.
At trial, tenant’s president testified that tenant had paid $18,500 for the bar and had invested about $32,000 in it over the years for improvements. Its failure to pay the extra $25 per month beginning with June, 1979 was a result of forgetfulness. When, in October, 1980 landlord informed tenant’s president that he was treating him as a month-to-month tenant because of his failure to exercise the option or pay the increased rent, tenant immediately tendered a check for the amount that should have been paid. Landlord rejected the tender.
The court below, determining that equitable relief could here be granted tenant without injustice to landlord, granted judgment for tenant. I agree that this is an appropriate case for such relief and would affirm.
It has long been the rule that a tenant should be relieved of its default when its failure to give the requisite timely notice of renewal — or to perform some other condition precedent to renewal'— has neither harmed nor prejudiced the landlord and was not due to bad faith (see Sy Jack Realty Co. v Pergament Syosset Corp., 27 NY2d 449, 452; Jones v Gianferante, 305 NY 135, 138). The reasoning underlying the rule is that when a tenant in possession under an existing lease neglects to exercise an option to renew, it may suffer a forfeiture if it has made valuable improvements on the property (see J.N.A. Realty Corp. v Cross Bay Chelsea, 42 NY2d 392, 396-398).
*413 In the Sy Jack Realty case, the Court of Appeals invoked this rule where a tenant had timely mailed its notice of renewal but the letter had not been delivered. In relieving tenant of its default the court considered the fact that a long-standing location for a retail business is an important part of the goodwill of the enterprise and that the tenant thus stood to lose a substantial and valuable asset. In the J.N.A. Realty case, the court extended the rule to the situation in which a tenant, through mere neglect or inadvertence, had failed to give timely written notice of its intent to renew. Stressing that the tenant had made a considerable investment in improvements on the premises, the court granted equitable relief to tenant.
Against this background, it is clear that the instant tenant should be relieved of its default. As in the cited cases, tenant here invested substantial sums in improvements on the premises. Furthermore, landlord here neither alleged nor proved that it had made other commitments for the premises. In addition, landlord for some 17 months — almost one third of the renewal period — continued to demand and accept the old rent. Under all these circumstances, it should here be held that tenant’s continuance in possession after the expiration of the lease constituted an election to renew and that landlord waived any other notice of renewal (see Probst v Rochester Steam Laundry Co., 171 NY 584; 34 NY Jur, Landlord & Tenant, §§ 419, 420).
Pino, P. J., and Hirsch, J., concur; Jones, J., dissents in a separate memorandum.