■ S. & J. PHARMACIES, INC., Respondent, v BERNARD STEIN et al., Appellants.

As set forth by the Judge at Special Term, the equities are with the tenant in its short delay in failing timely to exercise its renewal option. (J.N.A. Realty Corp. v Cross Bay Chelsea, 42 NY2d 392; Sy Jack Realty Co. v Pergament Syosset Corp., 27 NY2d 449; Jones v Gianferante, 305 NY 135.)

Inasmuch as we affirm on the declaration of a valid exercise of renewal option, it renders moot the defendants' Civil Court action and, therefore, that action is dismissed. Concur—Kupferman, J. P., Sullivan, Ross, Carro and Asch, JJ.

■ MAUDE SUTHERLAND, an Infant, by Her Mother and Natural Guardian, HESTER SUTHERLAND et al., Respondents, v CITY OF NEW YORK et al., Appellants.

The facts in this case are set forth in the opinion of this court (107 AD2d 568, affd 66 NY2d 800, 802, on the sole ground that "the Appellate Division had the power to reinstate the natural parent as guardian ad litem.").

Thereafter, it was contended at the Supreme Court by the defendants that the matter had been settled for the lump sum, but the court refused to approve a lump-sum settlement. We affirm solely on the basis that no binding settlement had been entered into among the parties. Concur—Kupferman, J. P., Sullivan, Ross, Carro and Asch, JJ.