■ MASS PROPERTIES Co., Appellant-Respondent, v 1820 NEW YORK AVENUE CORP. et al., Respondents-Appellants.—In an action, *inter alia,* for a judgment declaring that a certain lease expired on November 30, 1987, the plaintiff landlord appeals from so much of a judgment of the Supreme Court, Nassau

County (Winick, J.), entered May 26, 1988, as, *inter alia,* relieved the defendant tenants of their default in not timely exercising an option to renew the lease; and the defendant tenants cross-appeal from so much of the same judgment as declared them to be in default of the option to renew the lease.

Ordered that the judgment is affirmed insofar as appealed and cross-appealed from, without costs or disbursements.

In September 1985, the defendant tenants purchased a diner business located on property owned by the plaintiff landlord. The lease covering the property was due to expire in November 1987, but contained an option to renew for a further 10-year period provided that notice exercising the option be given one year prior to the expiration of the lease. The terms of the lease also provided that notices were to be given to the landlord at its address "by mailing by certified or registered mail". It was a condition of the contract under which the tenants purchased the leasehold that proof be provided by the seller that the option had been exercised. However, the attorney representing the tenants undertook to write to the landlord to notify it of the exercise of the option. The contract contained the new address designated by the landlord which was "care of" the landlord's attorney at the attorney's office address. The tenants' attorney, in September 1985, sent the notice by certified mail directly to the landlord at the landlord's attorney's address, but failed to include the attorney's name or designate the landlord as "care of" the attorney. The tenants' attorney relied on the certified mail return receipt slip he subsequently received and believed that the option had been validly exercised on behalf of the tenants. It was only in May 1987, when the landlord contacted the tenants to discuss repossession of its premises, that the tenants were made aware of the landlord's claim that it had not received their notice exercising the option. The landlord commenced this action seeking a declaration that the lease had expired. Following a trial, the court determined that the attorney for the landlord had not received the notice and, therefore, that the tenants had not timely exercised the option. Contrary to the tenants' contentions, we find that the evidence supports the court's conclusion.

However, the trial court further held that the tenants were entitled to equitable relief excusing their failure to timely exercise the option *(see, J. N. A. Realty v Cross Bay Chelsea,* 42 NY2d 392; *Sy Jack Realty Co. v Pergament Syosset Corp.,* 27 NY2d 449).* We agree. The test for determining whether a

tenant should be relieved of a default in exercising an option is threefold. The tenant must show (1) that the default was excusable, (2) that the default will result in a substantial forfeiture by the tenant, and (3) that the landlord will not be prejudiced *(see, J. N. A. Realty v Cross Bay Chelsea, supra,* at 398). As discussed above, the default was inadvertent and excusable. Furthermore, our review of the record reveals that the default would work a forfeiture of the tenants' substantial investment in the purchase of the diner business *(see, Sy Jack Realty Co. v Pergament Syosset Corp., supra,* at 453; *American Power Indus. v Rebel Realty Corp.,* 145 AD2d 454; *Pepe's Shamrock v Vecchio,* 128 AD2d 599, 600; *Tritt v Huffman & Boyle Co.,* 121 AD2d 531; *Eva Donut Shop v Pace,* 54 AD2d 575).

Finally, the court properly obviated any prejudice to the landlord by directing the tenants to reimburse the landlord for all proven expenses incurred due to the default. Thus, under the circumstances presented here, the grant of equitable relief from the default was proper.

We have considered the landlord's remaining contentions and find them to be without merit for the reasons stated by Justice Winick in his decision at the Supreme Court. Kunzeman, J. P., Rubin, Spatt and Balletta, JJ., concur.